## FIRST STATE BANK OF HAPPY v. HEMPHILL. (No. 3325.)

Court of Civil Appeals of Texas. Amarillo.
Nov. 27, 1929.

Williams & Day, of Plainview, for appellant.

L. D. Griffin, of Plainview, for appellee.

JACKSON, J. On August 20, 1926, a suit styled A. G. Hemphill v. Hall Wren was pending in the justice court of precinct No. 1, Hale county, Tex.

On said date the justice of the peace of said court issued, in connection with said cause, a writ of garnishment against the First State Bank of Happy, Tex., styled A. G. Hemphill v. the First State Bank of Happy, Tex., which writ was duly served.

On February 1, 1927, A. G. Hemphill obtained judgment against Hall Wren in the original suit for the principal sum of $146.20, together with interest and attorney's fees. The garnishment suit of A. G. Hemphill v. First State Bank was continued from term to term of said justice court until January 31, 1927, on which date the plaintiff, through his attorney, requested that said suit be dismissed, and the court entered the following order: "The above cause dismissed at cost of plaintiff by order of M. G. Baird, attorney for plaintiff, this the 31st day of January, 1927."

Thereafter, on motion of the plaintiff, the justice of the peace entered the following order: "On this the 17th day of January, A. D. 1928, came the plaintiff, A. G. Hemphill, and files his sworn motion asking the Court to reinstate this cause and the Court finds that this cause has been dismissed by error and without authority of plaintiff and this cause is hereby reinstated by the Court."

On the same day the court entered judgment in the garnishment suit in favor of A. G. Hemphill against the First State Bank of Happy, Tex., the garnishee, for the sum of $263.79, with interest, etc. On this judgment execution was issued against the garnishee.

On March 6, 1928, the First State Bank of Happy, Tex., the garnishee, made application to the county court of Hale county for a writ of certiorari to secure an order commanding the justice of the peace of said precinct to transmit to the county court of Hale county, Tex., a certified copy of all of the proceedings had in the justice court and that execution be suspended until further order of said county court. The application for the writ was granted upon a proper bond and the proceedings had in the justice court were certified to the county court.

On June 18, 1928, the First State Bank of Happy filed its answer in the county court of Hale county, Tex., to the writ of garnishment issued against it in the justice court of precinct No. 1, and in its verified answer states that it is not, and was not at the time the writ was served upon it, indebted in any amount to Hall Wren, nor did it have in its possession then, nor at the time the writ was served upon it, any effects belonging to Hall Wren, and that it knew of no person or persons indebted to the said Wren or that had effects belonging to him in their possession,

and that said Hall Wren did not at the time of the issuance of the writ nor at the time of the answer own any stock in said bank.

The plaintiff, A. G. Hemphill, in county court, excepted to the answer of the garnishee, because, the case having been appealed from the justice court of precinct No. 1 in Hale county, Tex., to the county court of said county by a writ of certiorari, and the defendant having failed to file an answer in the justice court in said garnishment proceedings, all of which appears of record, it is now too late for the garnishee to answer in county court and its defense should be denied..

This exception of the plaintiff was sustained by the court and the plaintiff given judgment against the First State Bank of Happy, Tex., for the sum of $294.50, together with interest, costs, etc. From this judgment the bank prosecutes this appeal. ·

· The appellant challenges as error the action of the trial court in sustaining appellee's exception and rendering judgment against it in behalf of appellee; because the justice of the peace, on January 31, 1927, dismissed the garnishment suit from his docket by a proper order, which was a final judgment, and his reinstating the case and entering judgment against appellant, without notice, on January 17, 1928, on motion of appellee, was void, as several terms of court had elapsed since the entry of the final judgment dismissing the garnishment case.

■ "The judgment of dismissal at the former term was a final judgment, and it is a well-settled rule of practice in this state that after the adjournment of the term at which such a judgment is rendered it is no longer subject to the control of the trial court." Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100.

"The judgment rendered in this case is void, because the court had no authority to set aside the order of dismissal and reinstate said proceeding at a subsequent term of the county court, and his act in assuming to do so was a nullity." Parks v. City of Waco (Tex. Civ. App.) 274 S. W. 1006, 1008, and authorities cited.

"The dismissal of this cause by the court on March 3, 1924, was a final judgment, and, under the well-settled rule of law in this state, the court was without authority at a subsequent term to set said judgment aside upon request and reinstate same, and the court's order attempting to do so and all subsequent proceedings in the case are absolutely void." Hudgins v. T. B. Meeks Co., Inc. (Tex. Civ. App.) 1 S.W.(2d) 681, 682.

"The rule that a trial court, after the expiration of the term at which a judgment is rendered, is without jurisdiction to hear and determine an ordinary motion for new trial, is well established by the authorities." Frick-Reid Supply Co. v. Jones et al. (Tex. Civ. App.) 286 S. W. 650, 651, and authorities cited.

■ Article 2380, Rev. St. 1925, provides, among other things, that: "Each justice shall hold a term of his court for civil business once in each month, and may transact such business out of term time as may be authorized by law."

The record discloses without contradiction that the garnishment suit was dismissed in the justice court on the application of the plaintiff, the appellee herein; that numerous terms of court passed before application was made for reinstating the case; and that such application was made and acted upon and judgment rendered against the garnishee defendant in the justice court, the appellant herein, without it having been notified that application was made to reinstate the case in the justice court and have judgment rendered against it in said court.

Under the facts revealed by the record, and these authorities, the action of the justice of the peace in reinstating the case without notice to the bank, and entering judgment against it, was absolutely void.

■ "The jurisdiction of the County Court in cases appealed from the Justice Court is dependent absolutely upon the jurisdiction of the Justice Court. If the Justice Court is without jurisdiction there can be no jurisdiction in the County Court. While the case is tried de novo in the County Court, its power is not original. The case is there only in virtue of the appeal." Childress Oil Co. v. Wood, 111 Tex. 165, 230 S. W. 143.

■ The appellant in this case, not being made a party to the action in justice court on the motion for reinstatement and the entering of judgment against it, that court was without jurisdiction, and the county court acquired no jurisdiction by the appeal of the bank. St. L. & S. F. Ry. Co. et al. v. English (Tex. Civ. App.) 109 S. W. 424; P. & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294. ₊

The justice court having no jurisdiction, the county court, by the appeal, acquired no jurisdiction to pass upon the merits of the case. We therefore reverse the judgment of the county court and dismiss the case.