### ALEXANDER et al. v. DUNCAN.

No. 12708.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 8, 1932.

Rehearing Denied Nov. 12, 1932.

Luther Hoffman and Arch Dawson, both of Wichita Falls, and Sullivan, Speer & Minor, of Denton, for appellants.

Bullington, Humphrey & King, of Wichita Falls, for appellee.

LATTIMORE, J.

The appellant, for himself and others, sold stock in the Alliance Milling Company to appellee. Appellee sued appellant for damages for fraud, alleged to have been perpetrated in Wichita county by appellant in the negotiation of that sale.

This is an appeal from an order denying appellant his claimed privilege to be sued in Denton county, his residence, which order rests upon the mailing by appellant to appellee at Wichita Falls certain letters and financial statements.

The trial court filed findings of fact which consist of a review of the testimony. Such review gives no aid to the appellate court. The statement of facts and the briefs of counsel cover this portion of the case fully. Findings of fact are entered to furnish to this court the decision of the court on those fact issues which were contested below in the presence of the trial judge who observed the demeanor of the witnesses, heard their voices, and could best decide the sincerity, the kind of memory, and the truthfulness of the witness.

The entire evidence of the claimed misrepresentations, both those made in Denton county and those made in Wichita county were admitted in evidence without objection. However, we must, in our disposition of this appeal, confine the evidence to those claimed frauds which are found to have been made in Wichita county.

The appellant furnished two financial statements to appellee; the first bore date of January 31, 1930. Appellee alleges that it was mailed to him at Wichita Falls, appellant that it was delivered in person at Denton. The trial court in his findings of fact makes no decision on this issue.

At the outset we meet appellant's contention, as set out in the second proposition in his brief, that the trial court's finding that there was an issue of fact as to whether fraud was committed and that that fraud was committed in Wichita county, as insufficient. The language of the conclusion of law of the trial court is not as clear as we would desire, but, as we take it, that language attempts to say that there is an issue of fact as to whether any fraud was committed by the letters and financial statements, and, in addition, that the trial court finds affirmatively that such fraud was committed in Wichita county.

The venue statutes (Vernon's Ann. Civ. St. arts. 2007, 2008), which provide for a separate pleading and hearing on the issue of venue in a suit for fraud, do not require that the court at such hearing must find the entire facts to be such as that plaintiff would, if that hearing were on the merits of the case, be entitled to judgment. Such holding would result in the defendant having the benefit of two trials without losing the right to the second, if he lost the decision on the first. It is true that the plaintiff must make out as much as a fact issue on the merits of his cause, not that the issue is to be joined and have a fact decision on such fact issue, but in order that the court would not be doing an idle thing to preserve for itself the venue of the case for trial on the merits. Beyond that he must establish finally that he is before the proper tribunal as to venue. The trial court enters his judgment as to where the cause should be tried, nothing else.

Benson v. Jones, 117 Tex. 68, 296 S.W. 865, 867, is not in conflict with the above. In that case the record "was barren" of any evidence of damages, i. e., the plaintiff did not make out a prima facie case, as the Supreme Court says: "There was no proof" of any false statement in Dallas county. This was the very crux of the venue issue. There must be evidence of fraud, rightful reliance thereon, and injury. There must be proof that the fraud was committed in the county of venue. Edmonds v. White (Tex. Civ. App.) 226 S. W. 819.

This brings us to the consideration of the first proposition: That there was no misrepresentation of fact, and that, if there was, appellee did not rely on it. It is true the inducements complained of (on venue) were those prepared by a third party, and that, as such, they were delivered to appellee, but appellant knew for himself whether they were true or false and stated he believed they were true. A disputed issue is made that appellant did not believe them true. Likewise, appellee insists that he relied upon those statements. A strong case is made by appellant that appellee did not so rely. A decision on either of these issues, when disputed by sufficient evidence to make a fact issue, is not the function of the hearing on venue. We cannot say as a matter of law that appellee did not, or had no right to, rely on such statements.

We have examined each of the assignments of error. Some of those which relate to the findings of fact, not carried forward or mentioned in appellant's brief, are well taken, but the errors there assigned are harmless in the view we have taken of the cause as above set out.

The judgment is affirmed.