## MALONE v. BARTON.

### No. 1108.

Court of Civil Appeals of Texas. Eastland.
April 28, 1933.

Rehearing Denied June 16, 1933.

Cox & Hayden and John J. Watts, all of Abilene, for appellant.

Paddock, Massingill & Belew, of Fort Worth, for appellee.

HICKMAN, Chief Justice.

On March 12, 1929, appellant filed suit against appellee for damages for personal injuries. On March 21, 1929, appellee filed his plea of privilege in statutory form to be sued in Tarrant county. Four days later appellant fi'ed his controverting plea. No further action was had in the case until July 14, 1930, when an order was entered on the court's own motion dismissing the cause for want of prosecution. On January 2, 1931, appellant filed his motion to reinstate the case, and on the same day an order was filed reinstating the case upon the docket of the court and setting same for trial on its merits on the 6th day of April, 1931. The next document appearing in the transcript was filed July 13, 1931, and is styled "Defendant's plea to the jurisdiction and motion to dismiss." This motion presented the question that the court was without jurisdiction to reinstate the cause on its docket at a term subsequent to that at which the case had been dismissed. It was replied to by appellant by a pleading filed on July 24, 1931. On that same day an order was entered overruling appellant's plea to the jurisdiction. In this order appellant was given until the next term of court to serve appellee with a copy of his controverting plea to appellant's plea of privilege. The next order appearing in the record was made on the 13th day of April, 1932, and filed on the 23d day of that month. This order recites that appellee reasserted his objection to the jurisdiction of the court and again presented his motion to dismiss, which was theretofore filed on July 13, 1931. The court then concluded that its order reinstating the case was void, and that it erred in its decree of July 24, 1931, in overruling appellee's plea to the jurisdiction and motion to dismiss. The order then decrees that said plea to the jurisdiction be sustained and the cause dismissed. To this last order appellant excepted and gave notice of appeal to this court.

 Unless appellee waived his plea of privilege, the proper order for the court to have entered when appellant delayed for an unreasonable time to have appellee served with a notice of his controverting plea was one transferring the cause to the district court of Tarrant county. Bundrant v. Woodley (Tex. Civ. App.) 32 S.W.(2d) 664; Brashears v. Strawn National Bank (Tex. Civ. App.) 57 S.W.(2d) 177, and authorities there cited.

Had an appeal been perfected from the original order of July 14, 1930, dismissing the case for want of prosecution, and there had been no showing of a waiver of the plea, we doubtless would have held that the court was not authorized to dismiss the appeal, but was authorized only to order the venue transferred. But that order was not appealed from, and it is not attacked here. We therefore must assume its regularity and have not the authority to set it aside and transfer the venue. It is not contended here that we should do so. The effort is not to set aside the original order dismissing the case, or to have an order entered transferring the venue, but the sole attack is upon the order of April 13, 1931, dismissing the case for the second time. We have concluded that there was no error in entering that order. When the court, on July 14, 1930, entered its order dismissing the case for want of prosecution, that order was a judgment of dismissal, which became the final judgment of the court at the adjournment of the term at which it was rendered. The order entered at a subsequent term upon a motion for new trial attempting to reinstate the case on the docket was a nullity. The judgment of dismissal was no longer subject to the control of the trial court after the adjournment of the term at which it was rendered. The motion was wholly insufficient as a bill of review, and it is not contended otherwise. The law governing this appeal has been settled in this state since the case of Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100, from which we quote as follows: "The judgment of dismissal at the former term was a final judgment, and it is a well-settled rule of practice in this state that after the adjournment of the term at which such a judgment is rendered it is no longer subject to the control of the trial court." Many subsequent decisions have followed and reannounced this rule, of which the following may be cited: Hudgins v. T. B. Meeks Co., Inc. (Tex. Civ. App.) 1 S.W.(2d) 681; Parks v. City of Waco (Tex. Civ. App.) 274 S. W. 1006; Smith v. Kraft (Tex. Civ. App.) 9 S.W.(2d) 472, 473; First State Bank v. Hemphill (Tex. Civ. App.) 22 S.W.(2d) 334.

Since the court entered a void order reinstating the case, it did not err in the entry of the order appealed from. The promise by one of appellee's attorneys made after the entry of the void order of reinstatement that appellee would not raise the question of the court's power to reinstate the case could not operate to confer jurisdiction on the court.

Affirmed.

### On Rehearing.

Our original opinion was based upon the conclusion that the trial court entered a void order in reinstating the case on the docket at a term subsequent to the one at which same had been dismissed for want of prosecution. That is clearly a sound conclusion, provided the court had the authority to enter the first order of dismissal. We stated in our original opinion that the first order of dismissal was not appealed from, and that we must therefore assume its regularity.

A careful reconsideration in the light of an opinion of the Commission of Appeals, published since our original opinion was released, has convinced us that the appeal did bring into question the validity of the first order of dismissal the same as the order of reinstatement and the second order of dismissal. The opinion referred to is in the case of John E. Quarles Co. v. Lee, 58 S.W. (2d) 77. Reviewing the record before us as a whole, it affirmatively discloses that more than a year elapsed after the filing of the controverting plea to the plea of privilege before the order was entered dismissing the case for want of prosecution. Since the appellant, who was plaintiff below, delayed for that long period to have the issue made by his controverting plea set down for hearing and disposed of by the court, the situation was the same as if he had filed no controverting plea at all. Bundrant v. Woodley (Tex. Civ. App.) 32 S.W.(2d) 664; Brashears v. Strawn National Bank (Tex. Civ. App.) 57 S.W.(2d) 177; Burch Inv. Co. v. Hassen (Tex. Civ. App.) 58 S.W.(2d) 848.

The Court of Civil Appeals in Lee v. John E. Quarles Co., 39 S.W.(2d) 947, in considering a record very similar to the one here presented, held that, when a plea of privilege is filed and the plaintiff fails to controvert same, the trial court is left with jurisdiction either to order the venue changed or to dismiss the cause for want of prosecution. A writ of error was granted, and in the case of John E. Quarles Co. v. Lee, supra, in an opinion by the Commission of Appeals, approved by the Supreme Court, it was announced that the trial court had no jurisdiction to enter any final judgment or any other judgment in the cause except to transfer the venue thereof. The order of reinstatement at a subsequent term was therefore held to be valid. For the same reason the order of reinstatement in the instant case should be held valid, since the court was not authorized to enter the original order of dismissal. Of course, if appellee had waived his plea of privilege prior to the entry of the first order of dismissal, our original judgment was correct. But a waiver is not even suggested by the record. It follows that the only valid order which the court below could have entered, after the appellant permitted several terms of court to pass without presenting to the court his controverting plea to appellee's plea of privilege, was one transferring the venue to Tarrant County.

It is therefore our order that the motion for rehearing be granted, the judgment here-

tofore rendered be set aside, and, in lieu thereof, that judgment be here rendered reversing the judgment of the trial court and remanding the cause to that court, with instructions that it order the venue changed to Tarrant county. .

Reversed and remanded, with instructions.