## BALDERAMA v. SIMON et al.
### No. 9547.

Court of Civil Appeals of Texas.
San Antonio.
March 13, 1935.

J. R. Cade, of San Antonio, for appellant.

Powell, Wirtz, Rauhut & Gideon, of Austin, for appellees.

SMITH, Justice.

Juana'R. Balderama sued W. B. Simon, H. O. Borgfeld, and Albert W. Saegert, in a Bexar county court at law.

It is conceded that Saegert is a resident of Guadalupe county, and that the other two defendants are residents of Bexar county, and the plaintiff's petition discloses that the cause of action alleged against Saegert was severable from the cause alleged against the other defendants.

Borgfeld and Simon answered upon the merits, but Saegert filed a plea of privilege to be sued in the county of his domicile. His plea was controverted by affidavit, was duly heard, and sustained; whereupon the court transferred the whole cause, as to all defendants, to Guadalupe county, and Balderama, the plaintiff below, has appealed.

■■ The plea of privilege of Saegert was in the form prescribed by statute (article 2007, R. S. 1925), and therefore made a prima facie case for change of venue as to that defendant. The plaintiff below made no legal proof of any of the facts relied upon to sustain venue in Bexar county and the trial court therefore properly sustained Saegert's plea of privilege. 13 Tex. Law Rev. p. 215; San Marcos Baptist Academy v. Burgess (Tex. Civ. App.) 292 S. W. 626; Commercial Standard Ins. Co. v. Lowrie (Tex. Civ. App.) 49 S.W. (2d) 933 (Writ Refused); American Fruit Growers v. Sutherland (Tex. Civ. App.) 50 S.W.(2d) 898; Automobile Bankers' Corp. v. Woodyard (Tex. Civ. App.) 65 S.W.(2d) 410.

■ But the judgment was erroneous in so far as it ordered the transfer of the cause against the resident defendants, who had and asserted no privilege to be sued elsewhere, the cause of action asserted against them being severable from that asserted against the nonresident defendant. Article 2020, as amended by the Acts of 1933, 43d Leg. p. 546, ch. 177 (Vernon's Ann. Civ. St. art. 2020).

Accordingly, the judgment will be reversed as to the defendants Simon and Borgfeld, and judgment here rendered confirming venue in the trial court as to them. But as to the defendant Saegert the judgment is affirmed, and the clerk of the county court of Bexar county is hereby directed to make certified copies of all orders made in this cause, as well as of all original papers herein, and forward the same to the clerk of the county court of Guadalupe county, as provided in article 2020, R. S. 1925, as amended. The costs of appeal will be taxed against appellant.

Reversed and rendered in part; in part affirmed.