**FRATERNAL BANK & TRUST CO. v. COTTON BELT STATE BANK OF TIMPSON.**

**No. 13206.**

Court of Civil Appeals of Texas. Fort Worth.

June 28, 1935.

Rehearing Denied Sept. 6, 1935.

Mike E. Smith, John O. Ragan, E. H. Ratcliff, and A. W. Christian, all of Fort Worth, for appellant.

Cecil A. Morgan, of Fort Worth, and Sanders & McLeroy, of Center, for appellee.

LATTIMORE, Justice.

The controverting affidavit was filed November 28, 1931. The hearing was twice

784

set and postponed, the second date being February 4, 1932. Nothing further of record concerning same is shown until August 4, 1934, when a supplemental controverting affidavit was filed and the order appealed from was made.

Appellee objected to any hearing on the merits of the controverting plea, and insisted that the delay was fatal to the rights of plaintiff to maintain venue in Tarrant county, and moved the court to transfer the cause in accordance with the plea of privilege.

This was one of six cases filed involving a cause of action on six checks cashed pursuant to an alleged swindling scheme to collect money from a death benefit fund of the negro Masonic fraternity. Substantially the same venue question was involved in each case, and the first was tried, appealed, and finally disposed of on April 4, 1934.

While the delay of two years is unusually long, it seems that no one objected to the delay until appellant asked for a hearing in 1934. We quite agree with the principles announced in American Fidelity & Casualty Co. v. Jones Transfer & Storage Co. (Tex. Civ. App.) 46 S.W.(2d) 1054, and Malone v. Barton (Tex. Civ. App.) 62 S.W.(2d) 613, supporting the requirement of diligence; none the less, we must give a common-sense application of the statute to the facts. Apparently, all parties were content that the trial of this case await the final decision in the appealed case on the debatable law questions pertaining to venue which were raised therein and applied equally to all the others. The decision of the trial court to hear the evidence on venue suggests that he considered the delay, awaiting the determination of the appeal of Guaranty Bond State Bank v. Fraternal Bank & Trust Co. (Tex. Civ. App.) 68 S.W.(2d) 305, justifiable, since there are no findings of fact expressed, and since the evidence under the controverting affidavit need not be heard unless the controverting plea had not been waived.

However, after that case had been finally determined and thereafter four months, more than the time of a full term of court, had elapsed, and far beyond the sixty days prescribed by article 2092, subd. 14, R. S., for the determination of the venue issue, no excuse is offered for this delay after April 4, 1934.

It was not within the province of the trial court to resolve a disputed fact issue as to the merits only of the case raised by the evidence on the hearing of the plea of privilege. Alexander v. Duncan (Tex. Civ. App.) 54 S.W.(2d) 1050. The prima facie case made by appellant of a cause of action could not be rejected by the trial judge.

The judgment of the trial court is affirmed.