## KLAPUCH v. DICKEY.

No. 10168.

Court of Civil Appeals of Texas. Galveston.

Jan. 17, 1936.

Rehearing Denied Feb. 20, 1936.

C. L. Stavinoha, of Hallettsville, for appellant.

Perkins & Floyd, of Alice, for appellee.

PLEASANTS, Chief Justice.

This appeal is from a judgment of the trial court sustaining a plea of privilege to be sued in the county of his residence filed by the defendant, appellee in this court.

The suit was brought by appellant, who resides in Lavaca county, against appellee, a resident of Brooks county, to recover damages for personal injuries alleged to have been caused by the negligent operation of an automobile driven by appellee upon a public road in Lavaca county.

The material allegations of the petition are, in substance, that plaintiff was on or about May 20, 1933, riding in an automobile owned and driven by his brother, Frank Klapuch, going from Hallettsville to Schulenburg, Tex., on highway No. 72 in Lavaca county; that, while driving on said highway on the right side of the road at a rate of about 10 miles an hour, plaintiff and his brother saw a large roadster coming from the north towards them at a terrific rate of speed, but, having before them a curve in the highway of about 20 degrees, did not immediately detect the careless driving of the oncoming automobile, and slowly proceeded on the right side of the highway; that the defendant was closely watched by plaintiff, and, when he reached the curve of the road, plaintiff saw that he was driving at a rate of 75 miles an hour, and, in order to cut the curve in the road, was driving on his left or wrong side of the road; that plaintiff heard the brakes squeak on the car driven by the defendant, and the car swerved first to the right and then to the left; that defendant's car was then about 100 feet from the car in which plaintiff was riding, and the driver of plaintiff's car turned to the right to get off the pavement to avoid being struck by defendant's car, but before plaintiff's car could leave the pavement defendant's car swerved directly across the highway and struck plaintiff's car with great force; that, as a result of this collision, plaintiff was seriously and permanently injured, the extent and character of the injuries being set out in detail in the petition.

The petition further alleges: "Plaintiff further alleges that by the exercise of reasonable care, caution, and regard to the travelling public by defendant, L. A. Dickey, who drove the car at an excessive rate of speed, and negligently and without regard for the safety, suffering, and respect for the public, and the damage herebefore complained of, defendant could have well avoided by the use of reasonable care and respect for the laws of the State and respect for the sufferings of the public, but which warning the defendant disregarded and he now is the direct and proximate cause of all of the matters complained of herein."

The prayer is for recovery of $5,000 actual, and $5,000 exemplary, damages.

This petition was filed on September 16, 1933, and defendant was duly cited to appear and answer at the October term of the court below, which began on October 2, 1933.

On October 2, 1933, defendant filed his plea of privilege to be sued in the county of his residence. This plea was in due form, and expressly negatives any exception to the statute fixing exclusive venue in the county of defendant's residence. Within five days the plaintiff filed a controverting affidavit, and the hearing on the plea was then set for October 19, 1933. Service on this original controverting affidavit was had on the defendant on October 16, 1933, but the citation was not returned until the 28th day of October. In this state of the record the trial judge on his own motion on October 30, 1933, entered an order continuing the hearing on the plea until the next term of the court, on March 5, 1934. This order is based upon the following recitals;

"And it further appears to this court that the sheriff of Brooks County delivered the said returns on the (citation on) said controverting affidavits to the clerk of this court at Hallettsville, Texas, on the 28th day of October, 1933, less than 7 days before the regular term of this court expires.

"It is therefore considered and ordered by this court, that there is not sufficient time to have service on the defendant in this cause, by giving him 10 days notice, and service on him in Brooks County, before this regular term, 1933, of this court expires, which is on the 4th day of November, 1933, and that this cause and the same is hereby continued, without prejudice to either party, on Court's own motion, until the March Term, 1934, of this court, same being regular session, and the fifth day of March, at

2 P. M., is hereby set as the day for the hearing on the plea of privilege and on controverted affidavits. And it is so ordered."

The plea of privilege was finally sustained by the trial court by an order entered as of date March 5, 1934, upon a full hearing on the controverting affidavits theretofore filed by plaintiff and an amended affidavit which plaintiff was then allowed to file, together with the general and special exceptions of defendant to such controverting affidavits and all the evidence offered by the parties. The order sustaining the plea, omitting the formal directions to the clerk in regard to the transfer of the record to the district court of Brooks county, and adjudging the costs, is as follows:

"On this 5th day of March, A. D. 1934, came on to be heard the plea of privilege of the defendant, L. A. Dickey, and the controverting affidavit filed by the plaintiff in reply thereto, and thereupon came for consideration the plea of the defendant, L. A. Dickey, to the jurisdiction of the court to hear and consider the controverting affidavit filed by plaintiff at this a subsequent term to the term of court to which the plea of privilege was filed, and the court announced that he desired to hear all pleas in connection with the evidence except that plaintiff should be granted leave to amend his controverting affidavit, which leave was granted over the objection of defendant; and plaintiff having filed his controverting affidavit, the court heard all evidence offered by both plaintiff and defendant, and after considering said plea to the jurisdiction of the court, the general and special exceptions of the defendant to plaintiff's controverting affidavit, and the evidence offered by both plaintiff and defendant, the court is of the opinion and finds that the plea of privilege of the defendant, L. A. Dickey, should be in all things sustained:

"It is, therefore, ordered, adjudged and decreed by the court that the plea of privilege of the defendant, L. A. Dickey, be, and the same is hereby sustained, and the venue of this cause be, and the same is hereby transferred to the district court of Brooks County, Texas, the residence of the defendant, L. A. Dickey."

No conclusions of fact and law were requested by appellant. There is an agreed statement of facts filed with the record. The testimony contained in this statement as to the circumstances under which the collision between the cars occurred is directly conflicting. Plaintiff testified to all the material facts alleged in his petition before set out, and was corroborated as to the location of the cars after the collision by Mr. G. C. Strauss, a garage and filling station operator, who went to the scene of the collision with a wrecker soon after the accident occurred. This witness testified: "That the evidence on the pavement showing the position of the car were caused by the brakes being thrown on in an attempt to stop the car, I also found where on the right side of the road the Klapuch car had slid back just partly off the pavement and along on the dirt on the side of the road and the Klapuch car was laying on the right side of the road approximately 20 feet from the pavement in the ditch. I examined the Klapuch car and it was struck on its left side near the front door in the place the driver is sitting when operating a car. I was not there when the accident happened but it was not over ten or fifteen minutes after the accident when I got there. I further found the physical facts where the impact took place which was on the right side of the road going North from the city of Hallettsville."

The defendant Dickey and his wife both testified, in substance, that, when they first saw the car in which plaintiff was riding, it was parked on the left or west side of the highway (plaintiff's car was going north and defendant's south), that he slowed down his car, and, observing that to his left the road was clear, turned in that direction, and that plaintiff then started his car across the highway to the east side of the road, and he (defendant) could not then stop his car in time to avoid the collision. Defendant was corroborated by the testimony of his wife, who was riding with him.

The agreed statement of facts also contains the following facts:

"This cause was filed in this court on September 16, 1933, and the defendant was cited and required to plead on October 3, 1933. The plea of privilege was filed prior to October 3, 1933, and controverting affidavit showing the court's notation of a hearing upon the plea of privilege for October 19, 1933, was filed on October 5, 1933, and was served upon the defendant, L. A. Dickey, by the Sheriff of Brooks County, Texas, on October 16, 1933.

"No hearing was had upon the plea of privilege during the October Term of

Court, which convened on October 2, 1933, terminating on November 4, 1933. The business of the court was such as the plea of privilege could have been heard at any time during the term.

"On October 30, 1933, the Court, at the special instance and request of plaintiff,. and first after cautioning plaintiff that he did not know whether the law would permit him to do so and with the understanding that it was at plaintiff's own risk, continued the cause without prejudice to the plea of privilege until the next regular term of the court thereafter. The defendant was not present in court when this order was entered and had no connection whatever therewith."

We agree with the learned trial judge that these facts amply sustain, if they did not require, the trial judge to sustain defendant's general demurrer to all of appellant's controverting affidavits and decline to consider any of them, on the ground that the agreed facts show that plaintiff had not discharged the burden placed upon him by the statute to use reasonable diligence to procure a hearing on the plea of privilege at the term of court at which the plea was filed, and therefore the court was without jurisdiction to render any judgment except one sustaining the plea and transferring the cause to the county of defendant's residence. Plaintiff knew that no hearing could be had upon the plea until ten days after service of citation on the controverting affidavit. There having been no return of service on the controverting affidavit on October 19th, plaintiff could have then set the case for a later day of the term and, if necessary, have issued a new citation upon which return could have been made in ample time for a disposition of the plea at that term of the court, the business of the court being such that the plea could have been disposed of at any time prior to the ending of the term on November 4th. R.S. art. 2013; Rule 24 for County and District Courts; American Fidelity & Casualty Co. v. Jones Transfer & Storage Co. (Tex.Civ.App.) 46 S.W.(2d) 1054, 1055; Burch Inv. Co. v. Hassen (Tex. Civ.App.) 58 S.W.(2d) 848; Brashears v. Strawn National Bank (Tex.Civ.App.) 57 S. W.(2d) 177; Davis v. Southland Cotton Oil Co. (Tex.Civ.App.) 259 S.W. 298; Doak v. Biggs (Tex.Civ.App.) 235 S.W. 957; Austin Bridge Co. v. Wren (Tex.Civ.App.) 297 S.W. 654, 655.

This conclusion requires an affirmance of the judgment, and renders a discussion of other questions presented in appellant's brief unnecessary.

Affirmed.