## HUMPHREY v. MIRIKE.

No. 5539.

Court of Civil Appeals of Texas. Texarkana.

Nov. 9, 1939.

Fred Humphrey, in pro. per.

Don Mirike, of Longview, for appellee.

HALL, Justice.

This is an appeal from an order of the County Court of Gregg County overruling a plea of privilege filed on behalf of appellant, Humphrey. At the outset we are met with a motion by appellee to dismiss this case for the reason that since the appeal was taken this case has been tried on its merits and a default judgment rendered on behalf of appellee against appellant for the amount sued for; that no appeal was taken and said judgment has now become final, rendering this appeal moot. A sufficient answer to this motion is: That the case on its merits is now pending in this court on appeal by writ of error. The motion is therefore overruled.

■ Appellee, Mirike, filed suit in the County Court of Gregg County against appellant and one McAnally upon a written contract and for the title and posses-

sion of certain personal property or its value. It was alleged by appellee that Humphrey resided in Smith County and that McAnally resided in Gregg County. It was also alleged that "defendants removed said personal property, or a greater part thereof," from Gregg County to Smith County. The cause was filed in November 1937, and was returnable to the January term of County Court of Gregg County. On January 5, 1938, appellant, Humphrey, filed his plea of privilege in statutory form to be sued in Smith County, the county of his residence, and on January 12, 1938, appellee, Mirike, filed his controverting plea, thus joining the issue of venue. No hearing was had on the plea of privilege until April 18, 1938, at a subsequent term of County Court of Gregg County, at which time it was overruled. There is nothing in the record to show that appellant agreed to a continuance of the hearing on his plea of privilege, or that the court for good cause shown continued the hearing to a subsequent term of the county court. In these circumstances the county court lost jurisdiction to hear and determine the merits of the issue raised by the plea of privilege and the controverting plea, and the only jurisdiction remaining in the county court was to issue its order transferring said cause of action to Smith County, Texas. American Fidelity & Casualty Co. v. Jones Transfer & Storage Co., Tex.Civ.App., 46 S.W.2d 1054; Klapuch v. Dickey, Tex.Civ. App., 91 S.W.2d 484.

The judgment must be reversed, in our opinion, for another reason which is apparent from the face of the judgment entered in the case. On April 29, 1938, the court set aside its judgment of April 18th, overruling the plea of privilege and entered the following order:

"On this 29th day of April 1938, came on to be heard the motion of the defendant, Fred Humphrey, to correct an order of this court with reference to the plea of privilege in this case bearing date the 18th day of April 1938 and which has been filed in this cause on a previous day of this court.

"It appearing to the court that the court has jurisdiction over its orders during the term time, the order of April 18th as heretofore filed in this cause on April 21, 1938, relating to the plea of privilege is set aside and in lieu thereof the following order is entered, the same being entered nunc pro tunc on this the 29th day of April 1938.

"On the 18th day of April 1938, came on to be heard the plea of privilege as filed by Fred Humphrey, defendant in the above styled and numbered cause, together with the controverting plea. The court, after having heard argument on said plea of privilege and controverting plea is of the opinion that the plea of privilege should be in all things overruled, and it is accordingly so ordered.

"To which action of the court the defendant Fred Humphrey, then and there in open court excepted and then and there in open court gave notice of appeal to the Court of Civil Appeals for the Sixth Supreme Judicial District at Texarkana, Texas.

"Perry R. Meredith,
"Judge Presiding."

We think the judgment clearly shows that no evidence was introduced on the part of appellee in support of his controverting plea. The judgment simply recites that the court based his holding overruling the plea of privilege on the argument of counsel. There is nothing in this record to show that any testimony was introduced by appellee, no statement of facts appears, and there is nothing in the transcript to show that any testimony was introduced upon which the court could base the judgment overruling said plea of privilege. After a plea of privilege is filed by a defendant in any cause and the plaintiff by proper controverting plea joins the issue of venue, the burden rests with the plaintiff to support his controverting plea by sufficient proof to show venue in the county where the suit is filed under some of the exceptions to the statute. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. And this proof cannot be supplied by the allegations in either the plaintiff's petition or controverting plea. The original petition is admissible only to show the nature of the cause of action. Thompson v. Pure Oil Co., Tex.Civ.App., 113 S.W.2d 662, and cases cited; 43 Tex. Jur. p. 851, Sec. 113; Balderama v. Simon, Tex.Civ.App., 80 S.W.2d 1046. Appellee in this case wholly failed to discharge this burden. Therefore, for this reason the cause of action must be reversed.

For the reasons indicated above, the judgment of the trial court is reversed and remanded with instructions to transfer

this cause to Smith County, Texas, the county of appellant's residence.

Reversed and remanded with instructions.