## ROSS v. ARD.
### No. 4027.

Court of Civil Appeals of Texas. Beaumont.

May 6, 1942.

Rehearing Denied May 20, 1942.

S. M. Adams, of Nacogdoches, for appellant.

A. L. Lowery and L. B. Fowler, both of Nacogdoches, for appellee.

WALKER, Chief Justice.

This suit was by appellee, H. D. Ard, against appellant, E. L. Ross, for the damages suffered by his wife, received in a collision between his automobile and appellant's automobile on one of the public streets in the city of Nacogdoches, Nacogdoches county. This appeal was prosecuted from the judgment of the lower court, overruling appellant's plea of privilege to be sued in Rusk county. The evidence raised the issues of active negligence charged against appellant, and of the amount of damages suffered by Mrs. Ard. Appellant does not assign error on these points.

Appellant was not served with notice of appellee's controverting affidavit within ten days from the convening of the first term of court after appellee filed his suit. On authority of Rules 86 and 87, Texas Rules of Civil Procedure, appellant advances the following proposition: "The Court erred in refusing to change the venue to Rusk County, in that it is mandatory that some action be had on the plea of privilege within ten days after the convening of Court, and the duty falls on appellee to give the notice within the ten days."

Appellant filed his plea of privilege on the 10th day of December, 1941, after appellee filed his original petition but prior to the convening of the district court of Nacogdoches county on the 9th day of February, 1942. Appellee filed his controverting affidavit on the 14th day of February, 1942. On the 17th day of February the court set the hearing on the plea of privilege for March 2nd. On the 21st day of February, the court made the following order: "It being called to the attention of the Court that notice of the hearing on this matter as above set by the Court has not been given to defendant or his attorney as provided by law and that it is too late to-day, February 21, 1942, to give the legal notice on the above setting the Court upon considering the matter hereby resets the hearing on such plea for Monday March 9, 1942, at 10 o'clock A. M."

The plea of privilege was heard and overruled on the 9th day of March.

It appears from the record that the plea of privilege was in due form and was duly filed within the provision of Rules 86 and 87. It also appears that service of the controverting affidavit was not had within ten days after the convening of the district court on February 9th. We give the pertinent provisions of the rules invoked by appellant's proposition. Rule 86: "If the plaintiff desires to controvert the plea of privilege, he shall within ten days after appearance day file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

Rule 87: "Upon the filing of such controverting plea the judge or justice of the peace shall note on same a time for a hearing on the plea of privilege. Setting of the date for such hearing and the notation thereof may be made by such judge or justice of the peace anywhere he may be found, either within or without the county where the suit is pending. Such hearing, unless the parties agree upon the date, shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been mailed by registered mail to the defendant or his attorney at the postoffice address stated in such plea of privilege at least ten days before the date set for hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon."

These rules do not support appellant's point that the duty rested upon appellee to secure service of his controverting affidavit "within ten days after the convening of court, and the duty falls on appellee to give the notice within the ten days." The ten-day provision of Rule 86 regulates the filing of the controverting affidavit. This provision of Rule 86 is not carried forward into Rule 87. Rule 87 simply directs, without specific time limit, that upon the filing of the controverting affidavit the judge shall note thereon a time for hearing the plea of privilege, and that the defendant shall have ten days' notice by registered mail of the setting of the hearing on his plea of privilege. There is no provision that the defendant must be served within ten days from the convening of court.

The judgment of the lower court is affirmed.