Bud GRUBBS et al., Appellants,

v.

Richard A. BOWERS, Appellee.

No. 12759.

Court of Civil Appeals of Texas.

Galveston.

Nov. 18, 1954.

Rehearing Denied Dec. 9, 1954.

Tamp W. Grobe, F. Warren Hicks, Houston, for appellants.

Blakeley & Williams, Carey Williams, Houston, for appellee.

CODY, Justice.

This is an appeal by the defendants from an order of the district court of Burleson County overruling their pleas of privilege to be sued in Brazos County, which is admittedly the county of their residence. On the merits plaintiff's suit was one to recover damages resulting from an automobile collision which occurred in Burleson County and which plaintiff alleged was caused by the negligence of the defendant driver of the automobile acting in the course of his employment for the other de-

fendant in this suit. The grounds on which defendants seek to have the order overruling their pleas of privilege reversed were that the court lost jurisdiction under the facts of this case to make any order thereon except one transferring the cause to the district court of Brazos County. The basis for defendants' contention is set forth in the court's judgment in this language: "* * * and when said cause was called for hearing the defendants, Bud Grubbs and Johnnie Lee Strong, by their attorney, protested that the court had no jurisdiction in this cause except to enter an order sustaining their pleas of privilege because such pleas of privilege were filed on the 13th day of March, 1954, and although such pleas were controverted, no controverting plea with a copy of the Judge's notation thereon setting a time for hearing was served on defendants' attorney until May 8, 1954, and the record in this cause shows no agreement to pass the matter beyond the term during which such pleas were filed and no reason appearing of record for the failure to dispose of the pleas during the term at which same were filed; * * *."

■ The terms of the district court of Burleson County begin on the tenth Monday after the first Monday in March and September. Thus, the last day of the November term of court was May 8, 1954. The first day of the succeeding term was May 10, 1954. The plaintiff filed his petition in the court on February 17, 1954. The defendants each filed their plea of privilege on March 13, 1954. The judge placed his notation on plaintiff's controverting affidavit setting the contest for a hearing on April 16, 1954. No copy of this controverting affidavit with the judge's notation thereon was served on defendants, or their attorney, as required by Texas Rules of Civil Procedure, rule 87. Consequently, the court was without authority to hold a hearing thereon on April 16, 1954.

Thereafter, according to the record, as shown in the transcript, plaintiff filed an amended controverting affidavit on May 4, 1954. The court noted thereon, on May 5, 1954, that the hearing on the pleas should be held on "the 21 day of May, 1954, at 9:00 o'clock A.M." The counsel for plaintiff, by registered mail duly addressed to defendants' attorney, gave notice of the filing of the first amended controverting affidavit and that the judge had set the contest thereon down for hearing on May 21, 1954 at 9 o'clock A.M., and the plaintiff's counsel duly made his return addressed to the court notifying the court that on May 7, 1954, the notice required by Rule 87 had been mailed by registered United States mail properly addressed to defendants' attorney of record.

■ The defendants have predicated their appeal upon a single point, which reads: "The court should not have overruled the pleas of privilege of the defendants filed at a previous term of the court to which they were returnable, since the record discloses no reason or cause or order authorizing the delayed disposition of the pleas." We overrule defendants' point.

It is true that Article 2013, Texas Statutes 1925 (also known in prior codifications of Texas Statutes as Article 1910 and Article 1269) required that dilatory pleas, inclusive of pleas of privilege, " 'be determined during the term in which they are filed, if the business of the court will permit.' " Davis v. Southland Cotton Oil Co., Tex.Civ.App., 259 S.W. 298, 299; Klapuch v. Dickey, Tex.Civ.App., 91 S.W.2d 484. But Article 2013, V.A.T.S. has been repealed by the Texas Rules of Civil Procedure, Acts 1939, 46th Leg., p. 201, Sec. 1. "The tendency of the Rules is to depart from term time as a limitation upon procedural steps." See Rules 166 and 175, and notes thereunder, Vernon's Texas Rules of Civil Procedure, 1948 Supplement.

The court had authority to set down, on May 5, 1954, during the November term, the pleas of privilege to be heard on May 21, 1954, during the next term of court. Narveson v. Nock, Tex.Civ.App., 214 S.W. 2d 842; Ragland v. Short, Tex.Civ.App., 245 S.W.2d 368, 369; McDonald, Texas Civil Practice, Sec. 4.53.

The judgment is affirmed.