**Hubert TERRY, Appellant,**

v.

**L. M. GUTHRIE, Jr., Appellee.**

No. 3446.

Court of Civil Appeals of Texas.

Waco.

March 14, 1957.

Keith & Kennedy, Sherman, for appellant.

Marshall & Carlton, Dallas, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order striking defendant's plea of privilege. Plaintiff sued defendant in *Dallas County* for damages occurring as a result of an automobile collision. Defendant filed a plea of privilege to be sued in Grayson County, the county of his residence, filing same on 2ʾ August 1956. Defendant's attorneys, by ordinary mail, sent plaintiff's attorneys a copy of such plea of privilege together with a cover letter. *Such copy of the plea of privilege and the cover letter were received by plaintiff's attorneys on 2 August 1956.* On *14 August 1956* plaintiff's attorneys filed a "Motion to Strike Defendant's Purported Plea of Privilege", such motion alleging:

"That on or about 2 August 1956 defendant filed a certain instrument in the above case entitled 'Plea of Privilege' but defendant has wholly failed to forward à true copy of said instrument to the plaintiff or to plaintiff's attorney of record, *either personally or by registered mail, return receipt requested, which action is mandatory on the part of said defendant in accordance with the Texas Rules of Civil Procedure and which renders said purported instrument null and void and ineffective as a plea of privilege and should, therefore, be stricken.*"

Thereafter on *16 August 1956* defendant, by registered mail return receipt requested, mailed plaintiff's attorneys a copy of the plea of privilege filed on 2 August 1956, which copy was likewise received by plaintiff's attorneys. Thereafter on *17 August 1956*, defendant caused the sheriff of Dallas County to deliver to and serve on plaintiff's attorneys a certified copy of the plea of privilege filed on *2 August 1956.*

On *22 August 1956* defendant filed a reply to plaintiff's motion to strike plea of privilege, setting up the foregoing (together with the fact that plaintiff's attorneys had received a copy of the plea of privilege which was forwarded to them by regular mail on *2 August 1956*—the same day that the plea of privilege was filed), and defendant further stipulated willingness for the court to grant plaintiff such additional time to file a controverting affidavit to

said plea of privilege as may be desired by plaintiff.

The Trial Court thereafter on *7 September 1956* entered an order striking defendant's plea of privilege.

Defendant appeals, contending: 1) The Trial Court erred in striking defendant's plea of privilege because a copy thereof was actually and admittedly received by plaintiff's attorneys on the same day the plea was filed. 2) The Trial Court erred in striking defendant's plea of privilege because, in addition to a copy thereof being admittedly received by plaintiff's attorneys on the same day the plea was filed, additional copies were served on plaintiff's attorneys, both by delivery in person and by registered mail, return receipt requested, within a reasonable time after the filing of said plea of privilege.

The sole issue in the case at bar is whether or not defendant's service of the plea of privilege filed, on defendant or defendant's attorneys, was sufficient under Rule 86, Texas Rules of Civil Procedure.

> Rule 86, TRCP, provides: "* * * *A copy of such plea of privilege shall be served on the adverse party or his attorney of record by actual delivery in person to him or by mailing a copy of such pleading to him by registered mail return receipt requested. * * * *"

In the case at bar defendant's attempt at compliance with the foregoing requirements was:

1) Sending a copy of the plea of privilege to plaintiff's attorney by ordinary mail on the date of filing same, and receipt of which copy plaintiff's attorney admits and so stipulates in this cause.

2) After plaintiff's attorney filed the motion to strike the plea of privilege, and within *14* and *15* days respectively of the filing of same, defendant caused a copy of same to be delivered to plaintiff's attorney by the sheriff and to be sent to plaintiff's attorney by registered mail return receipt requested.

In the foregoing state of the record, the Trial Court granted plaintiff's motion to strike defendant's plea of privilege.

Rule 1, TRCP, provides that the Rules are to be "given a liberal construction" in order "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law."

■ Since plaintiff's attorney admits that he received the copy of defendant's plea of privilege forwarded to him on *2 August 1956* by ordinary mail, we hold that this service was sufficient. A different situation would be presented if defendant's attorney said he forwarded the copy by *ordinary mail* and plaintiff's attorney said he never received same. Service of a copy of a plea of privilege by *"Certified Mail"*, rather than *"Registered Mail Return Receipt Requested"* has been upheld as compliance with Rule 86, TRCP. Bell v. Jasper Lbr. Corp., Tex.Civ.App., 287 S.W.2d 746 (Writ Dis.).

■ Further, however, defendant, after learning of plaintiff's motion to strike, caused copies of the plea of privilege to be served on plaintiff's attorney within 14 and 15 days respectively of the filing of the plea of privilege, by personal service and by registered mail return receipt requested. Rule 86, TRCP, does not prescribe a time limitation within which service by actual delivery in person of the copy of the plea of privilege, or service by registered mail return receipt requested, of the copy of the plea of privilege, must be effectuated. In the absence of a definite time being prescribed, such service must be effectuated within a *reasonable time*. Fourteen and fifteen days respectively constitute a reasonable time in which such service may be effectuated. Malone v. Barton, Tex.Civ.App., 62 S.W.2d 613; Grubbs v. Bowers, Tex.Civ.App., 272 S.W.

2d 956; Ross v. Ard, Tex.Civ.App., 162 S.W.2d 137; Roddy v. Denton County, Tex.Civ.App., 280 S.W.2d 793.

It follows that the order of the Trial Court striking defendant's plea of privilege is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.