John H. BROWN et ux., Appellants,

v.

UNITED STATES FINANCE COMPANY, Inc., Appellee.

No. 442.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 20, 1971.

Rehearing Denied Feb. 10, 1971.

Carl E. F. Dally, Briscoe, Dally & Shaffer, Houston, John T. Lindsey, Port Arthur, for appellants.

Jack B. Manning, Bean & Manning, Houston, for appellee.

SAM D. JOHNSON, Justice.

Appeal from an order overruling a plea of privilege.

United States Finance Company, Inc., brought suit in Harris County against John H. Brown and wife, Levertina Brown, to recover on a note and to foreclose a lien on defendant's homestead. Plaintiff's petition was filed October 10, 1967. Defendants filed a plea of privilege to be sued in the county of their residence, Jefferson County, where the property was located. This plea of privilege was filed November 9, 1967. Plaintiff thereupon filed its controverting plea on November 16, 1967. Approximately two years and 11 months later, on September 28, 1970, the trial court heard defendants' plea of privilege and plaintiff's controverting plea. It was upon such hearing that the trial court overruled defendants' plea of privilege.

In the trial court the defendants objected to the court hearing and considering plaintiff's controverting plea on the same grounds urged in its first point of error.

The alleged error was in the trial court's hearing and considering plaintiff's controverting plea which did not bear the notation of the trial judge setting the date for hearing as required by Rule 87, Texas Rules of Civil Procedure. Rule 87 provides:

"Upon the filing of such controverting plea the judge * * * shall note on same a time for a hearing on the plea of privilege * * * Such hearing, unless the parties agree upon the date, shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been mailed by registered mail to the defendant or his attorney at the post office address stated in such plea of privilege, or shall have been delivered to defendant or his attorney, at least ten days before the date set for hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon. * * *"

In a number of cases the broad statement is to be found to the effect that the judge's notation on the controverting affidavit setting the date for the hearing on the plea of privilege and the mailing of notice to the defendant are jurisdictional requirements. See Panther Oil & Grease Mfg. Co. v. Crews, 124 S.W.2d 436, (Tex. Civ.App.1939), no writ hist.; Sneed v. Box, 166 S.W.2d 951, (Tex.Civ.App.1942), no writ hist.; Brooks v. Wichita Mill & Elevator Co., 211 S.W. 288, (Tex.Civ.App. 1919), no writ hist.; Grubbs v. Bowers, 272 S.W.2d 956, (Tex.Civ.App.1954), no writ hist. It is to be noted, however, that these cases do not turn on the absence of the notation setting a date for the hearing but rather turn on the absence of notice or the notice issue. We are cited to no Texas decisions which are limited to the question of whether the absence of notation on the controverting affidavit setting the date for hearing impairs the trial court's jurisdiction to rule on the controverted plea of privilege when the defendant had actual notice of the date of the hearing and appeared at said hearing. Appellant makes

no claim in the instant case that actual notice was not received.

■ The obvious purpose of the requirement found in Rule 87, T.R.C.P., that the trial judge note the setting of the hearing on the controverting affidavit is to advise the parties of the time when the court is to conduct the hearing. It is an administrative or clerical function, however, the purpose of which is accomplished if the parties are supplied with actual notice and appear at said hearing. The Rules of Civil Procedure " * * * are but tools to be used in procedural conduct aimed at the objective of accomplishing justice. They are not ends within themselves, but are means to that end. If their application would effect injustice they are to be disregarded for that is the antithesis of their purpose. * * * " Brightwell v. Rabeck, 430 S.W.2d 252, 257, (Tex.Civ.App.1968), writ ref., n. r. e. To reverse this case where actual notice was obviously received and where the parties did appear at the appointed time and place because of the absence of a notation of the setting on the controverting affidavit would in effect elevate the rule above the reason and create an injustice. While the absence of the notation placed on the controverting affidavit by the judge himself does not comport with the precise language of Rule 87 we are of the opinion that the omission was harmless as it did not result in a prejudice of the rights of the appellant. Rule 434, T.R.C.P.

■ Appellants' second point of error contends that the trial court committed reversible error in hearing and considering the appellee's controverting plea, over the objection that it had been abandoned, where the controverting plea had not been properly set down for a hearing as required by Rule 87, T.R.C.P. The appellant asserts that the provisions of Rule 87, T.R.C.P., require prompt hearing on the plea of privilege and that in the instant case no diligence on plaintiff's part to secure a hearing was shown. Appellant's plea of privilege was filed on November 9, 1967, and the hearing in connection with the plea was held on September 28, 1970, approximately two years and 11 months later. The question is therefore presented whether or not the trial court abused its discretion in ruling upon the plea after such a period of time. " * * * A plea of privilege has been held to be in the position of a dilatory plea. The failure of a plaintiff to procure a prompt determination of a plea of privilege or to prove that the business of a court did not permit the plea to be promptly heard at the term therefore does not as a matter of law constitute a waiver of plaintiff's right to contest the plea of privilege." Gourley v. Fields, 348 S.W.2d 787, 789, (Tex.Civ.App.1961), no writ hist. See also Grubbs v. Bowers, supra. The trial court must be allowed wide latitude in making the determination of this question. Houston Chronicle Publishing Co. v. Flowers, 413 S.W.2d 435, (Tex. Civ.App.1967), no writ hist. We find no abuse of discretion on the part of the trial court.

The judgment of the trial court is affirmed.