**HARRISON et al. v. AMADOR et al.**
**(No. 7245.)**

Court of Civil Appeals of Texas. Austin. July 11, 1928.

Harry A. Dolan, of Georgetown, for appellants.

Tom C. Johnson, Jr., of San Marcos, and Wilcox & Graves, of Georgetown, for appellees.

BLAIR, J. This appeal is from an order overruling the separate pleas of privilege of appellants, T. H. Harrison, H. T. Harrison, and M. E. Harrison, to be sued in Clay county, the place of their residence.

Appellees controverted the respective pleas of privilege and sought, and on a hearing of the issue maintained, venue in Williamson county under provision of subdivision 9 of article 1995, Revised Statutes 1925, providing that—

"A suit based upon a * * * trespass may be brought in the county where such * * * trespass was committed, or in the county where the defendant has his domicile."

Appellee Florencia Amador, for herself and her five minor children, sued appellants for $10,000 damages for the death of Antonio Amador, husband and father of appellees, alleged to have resulted by reason of his being thrown from and killed by an automobile truck belonging to defendants, and driven by their agent, which occurred on a public highway in Williamson county.

Appellants first attack the order overruling their respective pleas of privilege upon the ground that appellees failed to prove the alleged agency existing between them and Snodgrass, the driver of the truck at the time of the accident. We do not sustain the contention with respect to appellant T. H. Harrison.

■■ The testimony shows that appellee Florencia Amador and her husband with their family had been picking cotton for appellant T. H. Harrison, and made a trade with him to transport them to San Marcos in a truck belonging to him; that he was personally present when the truck left his premises, driven by Snodgrass; that while they were being transported to San Marcos, and while in Williamson county, the truck was permitted by the driver to run into a deep ditch on the side of the road, causing same to turn over and fall upon Amador, resulting in his death; that the truck driver was drunk at the time of the accident, and was driving very fast without any lights except a lantern hung on the front end of the truck, which gave a very poor light. This evidence created the relationship of principal and agent between appellant T. H. Harrison and Snodgrass, the driver of the truck. The rule is well settled that agency does not depend upon express appointment and acceptance thereof, but may be implied from words and conduct of the parties surrounding the particular case. And while the evidence does not show an express appointment of the truck driver, it does show that T. H. Harrison contracted personally with deceased to transport him and his family in a truck owned by him; that he personally supervised the preparations necessary to the transportation, and was present when the truck departed from his farm with Snodgrass in charge of it as driver. Corpus Juris, vol. 2, p. 435.

■■ As to the other appellants, H. T. Harrison and M. E. Harrison, there was no proof that Snodgrass was their agent, nor that they owned any interest in the truck, nor that they were in any way responsible for the accident and the resulting damages; and the trial

280

court should have sustained their respective pleas of privilege. It is not proper on a plea of privilege hearing to try the case on its merits, but in this case it was incumbent upon appellees, after the pleas of privilege had been filed, to have alleged and proved that each of the appellants was at least jointly and severally responsible for the trespass which occurred in Williamson county, in order to have maintained venue in that county against each of them. However, the rule is well settled that where a cause of action is asserted against several defendants, who are jointly and severally liable, an order sustaining the plea of privilege as to some of the defendants and transferring the cause to the county of their residence operates only as to cause of action asserted against such defendants, and does not affect proceedings to recover against the remaining defendant or defendants shown to be within the jurisdiction of the county in which the suit is brought. Comer v. Brown (Tex. Com. App.) 285 S. W. 307; Ulrich v. Krueger (Tex. Civ. App.) 272 S. W. 824; Blohm v. Krueger (Tex. Civ. App.) 297 S. W. 596; Old v. Clark (Tex. Civ. App.) 271 S. W. 183.

We therefore affirm the judgment of the trial court overruling the plea of privilege of T. H. Harrison; but as to the pleas of privilege of H. T. Harrison and M. E. Harrison, we reverse and remand the cause, with instructions to the trial court to transfer said cause as against them only in accordance with their respective pleas of privilege.

Affirmed in part, and in part reversed and remanded.