## MOORE v. TUCKER. (No. 3214.)

Court of Civil Appeals of Texas. Amarillo. Feb. 20, 1929.

Rehearing Denied March 6, 1929.

Lockhart, Garrard & Brown, of Lubbock, for appellant.

Dorenfield, Foster & Fullingim, of Amarillo, for appellee.

RANDOLPH, J. The appeal here being considered is from an order changing the venue of a suit from the district court of Lubbock county to the district court of Potter county. The plaintiff filed his suit, and the defendant filed a plea of privilege to be sued in Potter county. The plaintiff then filed his controverting affidavit, to which the defendant interposed a general demurrer. This demurrer is based upon the proposition that, upon their face, the plaintiff's petition and his controverting affidavit are based upon a contract for the sale, exchange, and purchase of lands, and is a contract in law, on the part of plaintiff, conveying an undivided one-half interest to the defendant, and that said contract is unilateral and lacking in mutuality, since the defendant Tucker did not sign same. The trial court sustained the demurrer, and changed the venue of the case to the district court of Potter county.

For the better understanding of the issues involved, we set out the contract between the parties as follows:

"This memorandum of agreement made and entered into by and between J. Cline Moore of Lubbock County, Texas, party of the First Part, and J. D. Tucker of Potter County, Texas, Party of the Second Part, witnesseth:

"That the parties to this contract have agreed to enter into a joint enterprise for the purpose of erecting and operating an amusement hall on the following described property situated in Lubbock County, Texas, to wit:

"The Southeast Fifteen Acres of the SE¼ of the SE¼ of Survey 7 in Block B, Lubbock County, Texas, and being the same land described in deed from W. B. Thorp to J. Cline Moore, of record in the Deed Records of Lubbock County, to which reference is here had, and the parties hereby enter into the following mutual covenants with respect thereto; .

"The said J. Cline Moore is the owner of said land above described which is encumbered for an indebtedness of $1,927.00, being the proportionate part of an indebtedness of $4,500.00 secured by a deed of trust on the entire SE¼ of the SE¼ of Survey 7, Block B, assumed by the said J. Cline Moore in the deed from W. B. Thorp to J. Cline Moore, the said indebtedness being fully set out and described in a deed of trust from W. B. Thorp to W. A. Strickland, recorded in Vol. 42, Page 633, of the Deed of Trust Records of Lubbock County, Texas, to which reference is here had, and a further indebtedness represented by Note No. 2 for $200.00, due on or before December 1, 1928, described in the deed from W. B. Thorp to said J. Cline Moore, and Note No. 3 in the principal sum of $2,253.70 payable in monthly installments of $40.00 per month, the first due on or before April 1st, 1928, and one installment of $40.00 due on or before the first day of each month thereafter, set out and described in said deed from W. B. Thorp to J. Cline Moore, on which indebtedness four monthly installments of $40.00 have heretofore been paid.

"The said J. Cline Moore agrees to convey by warranty Deed to said J. D. Tucker, a one-half interest in and to said SE fifteen acres of the SE¼ of the SE¼ of Survey 7, Block B, Lubbock County, Texas, and the said J. D. Tucker agrees to assume and pay off one-half of the indebtedness above described.

"The said J. D. is to build and erect, according to plans and specifications hereto attached and made a part hereof, a building 80 feet by 110 feet, to be used as an amusement hall, and the parties hereto agree to bear equally the costs of said construction, which is to be not less than $5,000.00 and not more than $7,000.00; the said J. Cline Moore is to advance the sum of $1,500.00 for the construction of said building, and the said J. D. Tucker is to pay the balance of the expense, and when the building is completed the said J. Cline Moore will execute in favor of said J. D. Tucker his note for the difference between the $1,500.00 advanced and one-half of the cost of erecting said building, said note to be due on or before January 1, 1929, and to bear interest from date at the rate of eight per cent. per annum, and to contain the usual provisions for ten per cent. attorney's fees in case of default.

"It is agreed and understood that when the building has been completed the parties hereto shall each own an undivided one-half interest in the said fifteen acres of land and all improvements thereon situated, and that each of the parties shall be obligated for one-half of the indebtedness due to W. A. Strickland and W. B. Thorp above set out.

"It is further agreed and understood between the parties that neither party shall have the right to sell his interest in the property above described without the written consent of the other party, unless such party desiring to sell shall first submit to the other party the price and terms which he has been offered, and such other party shall then have the preference right to buy the one-half interest of the other party at the price and terms submitted.

"It is agreed that insurance shall be carried during the construction of said building, and at all times thereafter equal to at least the amount of the actual cost of construction, such insurance policy being payable to the parties hereto jointly, and the costs of insurance premium shall be borne by the parties hereto jointly.

"Witness our hands at Lubbock, Texas, this the 3rd day of July, A. D., 1928.

"J. Cline Moore."

█ This contract is pleaded in hæc verba in the plaintiff's petition, and is therefore controlling force in the assertion of plaintiff's rights.

Appellee's contention is clearly set out in his brief, as follows:

"Appellee makes no contention that the contract, as alleged and set forth in the original petition of appellant, is not a written contract within the terms and provisions of Article 1995, Subdivision 5, Revised Civil Statutes of 1925, but it is necessary for the appellant to allege sufficient facts to show a cause of action against appellee before venue of the suit may be maintained in Lubbock County, Texas. The operation of the statutes of fraud is not confined to cases where an action is brought directly upon the contract, but whatever the form of action may be, if benefit of a promise or contract within the statutes is essential to maintain that cause of action, there can be no recovery unless the statute is satisfied (27 C. J. 315), and the statute operates as a bar to all actions brought upon contracts falling within its terms. 27 C. J. 317; Robbins v. Winters (Tex. Civ. App.) 203 S. W. 149; Pitts v. Kennedy (Tex. Civ. App.) 177 S. W. 1016. And where the contract is entire and inseparable, a part within the statutes brings the whole within the same (27 C. J. 318; 13 C. J. 561), and a promise to make or pay for improvements, which involves the transfer of land, or an interest therein, from one party to another, is within the statutes (27 C. J. 196), and the contract sued upon must be such and so bind the obligor that a breach thereof will violate a legal right of the promisee, and confer upon him a legal action for damage."

█ The defendant is entitled to be sued in

the county of his residence, unless the suit against him comes clearly within one of the exceptions contained in article 1995 of the Revised Civil Statutes of Texas. Witting v. Towns (Tex. Civ. App.) 265 S. W. 410; Russell v. Green (Tex. Civ. App.) 214 S. W. 448. Subdivision 5, art. 1995, R. C. S., provides:

"*Contract in Writing.*—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

The contract herein sued on is shown not to have been signed by the defendant Tucker, but the plaintiff insists that it was not necessary for the defendant to have signed it, that a contract is and becomes a written contract when it is reduced to writing in the presence of all the parties thereto and agreed to, and is accepted by them as their contract.

It is clear that, under the rule laid down in the cases of Elder, Dempster & Co. v. St. Louis Southwestern R. Co., 105 Tex. 628, 154 S. W. 975, and H. & T. C. Ry. Co. v. Southern Agricultural C. S. Co., 112 Tex. 139, 245 S. W. 644, 646, this suit was properly brought in the district court of Lubbock county, unless the transaction sued on is a transaction involving real estate in which the contract is required to have been signed by Tucker in order to fasten liability upon him. Our statute of frauds provides that:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party [sought] to be charged therewith or by some person by him thereunto lawfully authorized: * * * .

4.—Upon any contract for the sale of real estate or the lease thereof for a longer term than one year. * * *" Subdivision 4, art. 3995, R. C. S.

In the case of Cleg v. Brannan, 111 Tex. 367, 234 S. W. 1076, where the two parties to the contract each was to convey, one to the other, certain described tracts of land, the contract being signed by only one of them, the Supreme Court held that, though the evidence established a contract in writing, such a contract, to be a contract for the sale of real estate, was not enforceable against the party not signing it. In that case, as in this, the plaintiff alleged that he having signed the contract, and, both parties having accepted it, that they were both bound. In overruling this contention, the Supreme Court holds that the acceptance of a contract in writing is not equivalent to signing it.

But it is contended that this is not such a transaction in real estate as comes within the purview of subdivision 5 above quoted; that the conveyance was to come from the plaintiff, and, as the defendant did not have to execute any deed, he was not therefore involved in a real estate transaction. Can this make any difference in the application of the rule? We think not. The basis of the transaction in the case at bar was a conveyance of real estate. The plaintiff seeks to recover damages for the refusal of the defendant to receive the title to the land which the plaintiff sought to deliver to the defendant by virtue of the deed called for in the contract, instead of attempting to bring suit for specific performance. This does not destroy the nature of the contract or convert it into a cause of action other than one involving a sale of real estate.

The Supreme Court speaking by Justice Williams in the case of Allen v. Allen, 101 Tex. 362, 107 S. W. 528, says:

"But when the owner of land agrees, as did Allen, that for a consideration it shall become the property of another, what is that but an attempt to convey his title, or a contract for the sale of his title? Or, if the agreement be to give the property to another, is it not merely an attempt to convey it? We can see but one answer to these questions and it is one which brings the case clearly within the inhibitions of the statute. The objection can not be met by merely changing the name of the transaction. In order to come within the doctrine of James v. Fulcrod [5 Tex. 512, 55 Am. Dec. 743], it must be one which does not conflict with the statute. No contract, or conveyance, whatever may be the name given to it; can be permitted to do that and be enforced."

We therefore affirm the judgment of the trial court.