**FORESYTH v. PIKE & KRAMER, Inc.**

**No. 8726.**

Court of Civil Appeals of Texas. San Antonio.

Jan. 27, 1932.

Rehearing Denied March 4, 1932.

Tom J. Newton and J. M. Woods, both of San Antonio, for appellant.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellee.

FLY, C. J.

This suit was instituted by appellant against E. S. Price, A. F. Barnhill, and Pike & Kramer, Inc., and Dorsey Company. The somewhat complicated and involved prayer is as follows:

"Wherefore, premises considered, plaintiff prays that citation issue hereon to the defendants herein as required by law; that the writ of injunction heretofore issued herein restraining the defendants Price and Barnhill from disposing of the $850.00 during the pendency of this suit be continued in full force and effect; that upon a hearing hereof both said $850.00 note and said $1,000.00 note be cancelled, and that in event that it be decreed, upon a trial of this cause, that Pike & Kramer, Inc., are entitled to a judgment against this plaintiff upon said $1,000.00 note; and further, that in the event that it be decreed that the Dorsey Company is entitled to a judgment against this plaintiff upon said $850 note, then that this plaintiff have judgment over and against said defendants Price and Barnhill for such sum of money as either the said Pike & Kramer, Inc., or the Dorsey Company, or both of them, may recover against this plaintiff; and further, that this plaintiff have judgment against the defendant E. S. Price for the said sum of $250.00, cash paid by this plaintiff to the said E. S. Price; and that the temporary injunction granted herein be made permanent; and for costs of Court, and for such other and further relief; special and

general, in law and in equity, to which he may be entitled."

Pike & Kramer, Inc., filed a plea of privilege to be sued in Dallas county, which was sustained by the court. Appellant sought to have the order granting the plea of privilege set aside and annulled, but this was denied by the court. The appeal seems to have been perfected from the order of the court dismissing the motion to set aside the order granting the change of venue. No appeal was perfected from the order granting the change of venue.

The order granting the change of venue was rendered on November 18, 1930. No controverting affidavit to the plea of privilege was filed until March 30, 1931, more than four months after the order changing the venue had been granted. The plea of privilege had been on file more than two months before the court took any action on it. This is a novel proceeding and probably unprecedented in the courts of Texas.

The plea complied with the requirements of article 2007, Revised Statutes, and under the law states that the filing of such plea is prima facie proof of everything alleged, and the court could have taken no action except to grant the change of venue. Russell Grader Mfg. Co. of Texas v. McMillin (Tex. Civ. App.) 271 S. W. 124; Green v. Brown (Tex. Civ. App.) 271 S. W. 394; Schumacher Co. v. Dolive, 112 Tex. 564, 250 S. W. 673.

The propositions are all overruled, and the judgment is affirmed.