## TEXAS MUT. RESERVE LIFE INS. CO. et al. v. ORMAND.

### No. 12350.

Court of Civil Appeals of Texas. Dallas.

April 2, 1938.

Touchstone, Wight, Gormley & Price, of Dallas, for appellants.

White & Yarborough, of Dallas, for appellee.

YOUNG, Justice.

Appellee, Mary Ormand, sued Texas Mutual Reserve Life Insurance Company, a corporation, A. H. McIntyre and Mrs. Clara Shuptrine, appellants, in a district court of Dallas county, for injuries following an automobile collision on a public street of the city of Dallas; the time of the occurrence being given as Sunday evening, January 19, 1936. Appellee al-

leged that the automobile involved in the suit belonged to said Texas Mutual Reserve Life Insurance Company, and at the time of the collision was being operated on behalf of, and in furtherance of, the business of said named Insurance Company. Allegations of affirmative acts of negligence and of joint and several liability were made as to each defendant in the court below, with the purpose of fixing venue under the crime and trespass exception of article 1995, R.S. Separate pleas of privilege were duly filed by such defendants, to be sued in Smith, the county of their residence, which were controverted, and upon hearing overruled by the district court. Exceptions were taken by all defendants to such action, and they become appellants here. The witnesses who testified upon hearing of the pleas were the appellee, Mrs. Ormand, and the individual appellants, Mrs. Shuptrine and A. H. McIntyre. As just stated, such pleas of privilege were controverted by sworn pleading of appellee, alleging sufficient facts of affirmative negligence as to each of the appellants, as would properly bring the venue of the cause within subdivision 9 of our venue statute, article 1995. These pleas placed upon appellee the burden of proving, from a preponderance of the evidence, the grounds of venue alleged in her controverting affidavit. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95.

■ The evidence introduced upon the hearing, denominated "venue facts," was sufficient to confer venue upon the court below under said subdivision 9, article 1995 —the trespass exception—as to the individual appellants, McIntyre and Mrs. Shuptrine. As to the facts seeking to obtain venue of the corporate appellant, we conclude such were wholly insufficient to bring appellant within the purview of such exception. As has been often stated: "The right to maintain a suit in a county other than that in which the statute fixes the venue must depend upon the existence of the fact or facts which constitute an exception to the statute, and not upon the mere averment of such fact or facts." Hilliard Bros. v. Wilson, 76 Tex. 180, 13 S. W. 25, 26; Compton v. Elliott, supra. Appellee's averments were that the individual appellants, A. H. McIntyre and Mrs. Shuptrine, were agents, employees, and servants of the Texas Mutual Reserve Life Insurance Company, and that "the Packard automobile of the defendant, Texas Mutual Reserve Life Ins. Co.

was being driven at the time and on the occasion in question by the said A. H. McIntyre and Clara Shuptrine and (they) were acting for and on behalf of the said Texas Mutual Reserve Life Ins. Co., at said time and on said occasion and in the furtherance of the business of the Texas Mutual Reserve Life Insurance Co., and that the said A. H. McIntyre and the said Clara Shuptrine, each and both of them, were driving said automobile at the time of the collision * * *."

■ Appellee's proof connected Mrs. Shuptrine in no sense with the Insurance Company. As to McIntyre the facts developed that he wrote insurance and collected premiums for appellant corporation in the Palestine, Tex., territory; that the automobile belonged to him, and that he had come to Dallas that Sunday evening on personal business, to be transacted the following day; that he never wrote insurance on Sunday (the day of the collision), and had at no time solicited insurance for his company in Dallas county. Mr. McIntyre further testified that he had no regular hours of work with his company, reported to them each week if he had business to report, came to and from the home office at Tyler as he pleased, soliciting his own prospects and arranging his own times of visitation with them, and was not in any wise engaged in business for the Insurance Company at the time of the injuries to appellee. McIntyre, of course, was a salesman or agent of appellant company on the material dates here. But was his Dallas trip in the furtherance of his principal's business, or occasioned under the direction or authority of his principal, express or implied? We think not under the facts adduced. "A master is liable for acts of his agent under the doctrine of respondeat superior only where the relationship of master and servant exists at the time and in respect to the very thing causing the injury and from which it arises." American Nat. Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 373, 107 A.L.R. 409; National Cash Register Co. v. Rider, Tex. Com.App., 24 S.W.2d 28. In order to establish venue as to the Insurance Company herein, it was necessary for appellee to prove a relationship of employment under which McIntyre was acting in the given particular within the scope of such employment, and in the performance of an act for the benefit of his employer. Edington v. Southern Old Line Life Ins. Co.,

Tex.Civ.App., 55 S.W.2d 579; Weber v. Reagan, Tex.Civ.App., 91 S.W.2d 409, appeal dismissed. The trial court should have sustained the venue plea of the Texas Mutual Reserve Life Insurance Company, and, under the rule of several, as well as joint, liability in a tort action, as illustrated in Standard Acc. Ins. Co. v. Pennsylvania Car Co. et al., Tex.Civ.App., 15 S.W.2d 1081, the cause of action as to the Insurance Company is severed and transferred under its separate plea.

The judgment of the trial court is reversed, and this cause remanded, with instructions to transfer appellee's suit as to the Texas Mutual Reserve Life Insurance Company to Smith county. As to the individual appellants, the judgment overruling their pleas of privilege is affirmed.

Affirmed in part, and reversed in part, with instructions.