**STONE et al. v. LUZIER'S, INC. et al.**

**No. 5215.**

Court of Civil Appeals of Texas. Amarillo.

Oct. 28, 1940.

Motion to Retax Costs Overruled

Dec. 9, 1940.

See 145 S.W.2d 242.

Tom L. Price, of Post, for appellants.

Robert J. Allen, of Lubbock, for appellee Leona Roffey.

Wilson, Randal & Kilpatrick, of Lubbock, for appellee Luzier's Inc.

STOKES, Justice.

This suit was filed on September 6, 1938, by appellant, Wilma Ruth Stone, joined by her husband, Dale Stone, who reside in Garza County, against appellees, Luzier's Inc., a Missouri corporation domiciled at Kansas City, and Leona Roffey, alleged to be temporarily residing in Garza County. The purpose of the suit is to recover alleged damages occasioned to the face and skin of appellant Wilma Ruth Stone by the application thereto of certain cosmetics manufactured and sold by Luzier's Inc. and applied by, and under the directions of, Leona Roffey. Appellants alleged that Leona Roffey was the agent of Luzier's Inc. and that, in the application of the cosmetics and in giving the directions as to the manner in which the same should be used and applied, she was acting within the scope of her authority as such agent and employee of the corporate appellee. The citation was served upon appellee Leona Roffey personally and as agent of Luzier's Inc., citing them to appear on the first day of the next term of the court to be holden at Post in Garza County on the 17th of October, 1938. On that day appellee Leona Roffey filed a plea of privilege in due form alleging her residence to be in Lubbock County and praying that the cause be transferred to that county. On the same day Luzier's Inc. filed a petition and bond praying that the cause of action be removed to the United States District Court sitting at Lubbock. The prayer for removal to the Federal Court was granted and an order entered by the district judge on the same day, October 17, 1938, in which the cause of action was removed to the Federal Court as prayed for. When the cause was reached on the docket of that court it was remanded to the district court of Garza County by an order entered in the Federal Court on December 16, 1938.

The next term of the district court of Garza County convened March 13, 1939, and on March 14th, being appearance day of that term, appellants filed their affidavit controverting the allegations of the plea of privilege. On the 24th of March, 1939, the attorneys for Leona Roffey and the attorneys for appellants filed an agreement in writing under which they waived the issuance and service of process on

the plea of privilege and controverting affidavit and agreed that the same may be heard by the court on Monday, March 27, 1939, at 10 o'clock A.M. or as soon thereafter as the court should be able to hear the same. No further proceedings were had in the cause during that term of the court which expired April 8, 1939. The next term of the court convened on the 23d of October, 1939, for a four week session, and on the second day of that term appellee Leona Roffey filed a motion in which she requested the court to transfer the cause to the district court of Lubbock County in accordance with her plea of privilege, which motion was granted on the 13th of November, 1939, being Monday of the third week of that term, and the entire cause of action against both of the appellees was ordered transferred to one of the district courts of Lubbock County.

Appellants duly excepted to the order changing the venue, gave notice of appeal, and have perfected an appeal to this court where they assail the judgment and order of the court below transferring the venue to Lubbock County, assigning error therein upon two grounds: First, that the judgment and order were erroneous because of the stipulation entered into by counsel for the parties setting the plea of privilege for hearing on March 27, 1939, or as soon thereafter as the court should be able to hear the same, and, secondly, that the court committed error in changing the venue as to Luzier's Inc. because it had filed no plea of privilege and had submitted to the jurisdiction of the court by filing an answer to the merits of the cause of action.

It has been repeatedly held by the courts that under the provisions of Article 2008, Revised Civil Statutes of 1925, the burden rests upon the plaintiff, and not upon the defendant, to procure a disposition of the defendant's plea of privilege during the term at which the same is filed, or to make a positive showing to the effect that the business of the court was such as to prevent hearing upon it at that term. It is held, furthermore, that the plaintiff waives his contest of the plea where he fails to make such showing and thereby permits the court to lose jurisdiction over the cause of action at a succeeding term save only to transfer it to the proper court. Klapuch v. Dickey, Tex.Civ.App., 91 S.W.2d 484; American

Fidelity & Casualty Co. v. Jones Transfer & Storage Co., Tex.Civ.App., 46 S.W.2d 1054; Humphrey v. Mirike, Tex.Civ.App., 134 S.W.2d 749; White v. White, Tex.Civ.App., 105 S.W.2d 779; Hall v. Butereg Co., Tex.Civ.App., 114 S.W.2d 403, 406.

In the recent case of Hall v. Butereg Co., supra, this court, in passing upon a similar question, and after citing some of the above cases and a number of others, said: "From the above authorities it is our opinion that the burden is upon the plaintiff to show some sufficient reason existed which would excuse it from having the venue question determined at the term of court wherein the issue thereon was joined. In this case the plaintiff has failed to discharge this burden. We think, therefore, the trial court erred in overruling the plea of privilege of the defendant and was without authority to render a judgment on the merits."

We think it may be said that the rule is so well established by the many decisions of the courts of this state that it cannot now be questioned. The filing of the application to remove the cause of action to the Federal Court and the removal of it to that court on the first day of the term to which the citation was returnable excused the appellants from the duty of filing their affidavit controverting the plea of privilege until the cause was, by the Federal Court, remanded to the district court. The case not having been returned to the district court from the Federal Court until after the return term had expired, they had until the next term to file such plea, but their duty to file and urge it attached to that term in the same manner in which it attached, under the law, to the return term.

Appellants contend, however, that the stipulation entered into between counsel for the parties on March 24, 1939, relieved them of the rigors of the rule and entitled them to present their controverting affidavit and have the plea of privilege passed upon by the court at any time thereafter. The stipulation provided that the plea of privilege might be heard by the court on Monday, March 27, 1939, at 10 o'clock A. M. or as soon thereafter as the court may be able to hear the same. It was filed March 24, 1939, some ten days after the court had convened for that term. The plea of privilege was not heard nor passed upon at that term of the court nor until Monday of the third week of the

succeeding term which convened on the 23d of October, 1939, and the record is wholly lacking in a showing of any excuse or reason why the matter was not presented to and acted upon by the court during all that time. As we have stated, and as has been held by our courts in many cases, the burden was upon appellants to show some sufficient reason by which they would be excused from having the venue question determined at the term of court wherein the issue was joined. We do not interpret the stipulation to mean that appellants were given the right to permit the matter to drift along indefinitely and to be presented to the court at any time they deemed it convenient. It plainly provided that the plea of privilege and issues drawn thereon may be heard by the court on Monday, March 27, 1939, or as soon thereafter as the court may be able to hear the same. Appellants do not contend that the business of the court was such that the issue could not have been tried and determined during the March term, 1939, but that, by entering into the stipulation, appellees waived strict compliance with the rule. We do not agree with appellants in this contention and the assignment of error will be overruled.

The second contention made by appellants is that the court erred in transferring the venue of the entire cause of action to Lubbock County, thus requiring them to try, in the district court of that county, their cause of action against Luzier's Inc., as well as their cause of action against Leona Roffey. In our opinion this assignment is well taken and must be sustained. The cause of action asserted by appellants in their petition is in tort to recover damages for personal injuries alleged to have been inflicted upon the appellant Wilma Ruth Stone. It charges the appellees as joint tort-feasors and alleges a cause of action in which, if supported by proof, the appellees would be jointly and severally liable for the damages occasioned by the acts complained of. Moore & Savage v. Kopplin, Tex.Civ.App., 135 S.W. 1033. The defendants could have been sued together in one suit or each could have been sued separately. In such cases it is well established that, under our statutes, the parties may be sued in any county having jurisdiction over them and where one of them is sued in the county of his residence it does not preclude the institution and maintenance of another suit or suits against the other or others in the counties of their residence. The effect of sustaining the plea of privilege of Leona Roffey was to create a severance of the cause of action and did not affect the proceedings in the district court of Garza County against the defendant Luzier's Inc. It had not filed a plea of privilege nor was any such plea filed in its behalf. On the other hand, it had filed an answer in the case and submitted itself to the jurisdiction of that court, and the rule is well established in this state that where a cause of action is asserted against numerous defendants who are jointly and severally liable, the sustaining of a plea of privilege as to one or more of them and transferring the cause of action to the county or counties of their residence operates only as to the cause of action asserted against such defendants and does not in any manner disturb or affect the proceedings to recover against the remaining defendant or defendants who are shown to be within the jurisdiction of the court where the suit is filed. Comer v. Brown, Tex.Com.Apps., 285 S.W. 307; Harrison et al. v. Amador et al., Tex.Civ. App., 9 S.W.2d 279; Behannon v. Texas Refining Co., Tex.Civ.App., 78 S.W.2d 1017; Standard Accident Ins. Co. v. Pennsylvania Car Co., Tex.Civ.App., 15 S.W.2d 1081; Ortiz Oil Co. v. Farmers' State Bank, Tex.Civ.App., 87 S.W.2d 780; Texas Mutual Reserve Life Ins. Co. v. Ormand, Tex.CivApp., 115 S.W.2d 776; Snodgrass v. Kelley et al., Tex.Civ.App., 118 S.W.2d 836.

In Texas Mutual Reserve Life Ins. Co. v. Ormand, supra [115 S.W.2d 778], Justice Young, speaking for the Court of Civil Appeals of the Fifth District, in a similar situation summed up the duty of the trial court as follows: "The trial court should have sustained the venue plea of the Texas Mutual Reserve Life Insurance Company, and, under the rule of several, as well as joint, liability in a tort action, as illustrated in Standard Acc. Ins. Co. v. Pennsylvania Car Co. et al. [supra], the cause of action as to the Insurance Company is severed and transferred under its separate plea."

It clearly appears from the authorities we have cited on the two contentions made by appellants that the action of the court below in transferring the case as against Leona Roffey under her plea of privilege

was in keeping with the law and should be affirmed. It is equally clear, however, that the court erred in entering the order and judgment transferring the cause of action as against Luzier's Inc., and its judgment in that respect will be reversed and the cause remanded with instructions to proceed with the trial of the case against the last-named defendant.