864

**JONES v. WILKES et al.**
No. 11852.

Court of Civil Appeals of Texas. Galveston.
Jan. 30, 1947.

Rehearing Denied Feb. 27, 1947.

Godard & Dazey, of Texas City, for appellant.

Caldwell, Baker & Jordan and Russell M. Baker, all of Dallas, for appellees.

MONTEITH, Chief Justice.

This action was brought in Galveston County by appellant, Wilbur C. Jones, for an injunction restraining appellees, Jack W. Wilkes and Fred Lumpkin, from making sales of certain automotive repair equipment, except through him, in certain counties in Texas including Galveston County, and for damages.

The appellees duly filed their plea of privilege to have said suit tried in Dallas County, the county of their residence, and appellant in due time filed his controverting affidavit in which he claimed venue of the suit in Galveston County under subdivision 5 of Article 1995, Vernon's Annotated Texas Civil Statutes.

On a hearing before the court an order was entered sustaining appellees' plea of privilege and directing the transfer of the case to the district court of Dallas County, Texas. Appellant has appealed from this order.

At the request of appellant the trial court prepared and caused to be filed his findings of fact and conclusions of law, in which he found that appellee Wilkes had made and executed a sale agreement whereby appellee Lumpkin was given a territory within which to sell certain automotive repair equipment and that Lumpkin had assigned a portion of said territory, including Gal-

veston County, to appellant, Wilbur C. Jones. He found that both Wilkes and Lumpkin resided in Dallas County.

The court concluded as a matter of law that appellant's suit was for a breach of appellees' obligation to protect him in his exclusive sales territory which was not expressly performable in Galveston County within the meaning of Subdivision 5 of Article 1995, as amended, and that, the obligation being a negative one, it was performable only in Dallas County, the county of defendants' residence or place of business.

Subdivision 5 of Article 1995, as amended, on which appellant relies, provides that: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

In construing said Article 1995 the courts of this state have uniformly held that exceptions thereto must be strictly construed and clearly established before a citizen can be deprived of his right to be sued in the county of his domicile, National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021, and that the written contract alone may be looked to for the purpose of determining whether there was an agreement to perform the obligation in a certain county. 43 Tex.Jur., Sec. 17, page 728.

Our courts have also uniformly held "that a written contract imposing obligations upon one party to do something, such as performing services for the other party, in a particular county, and expressly imposing upon the other party an obligation to pay therefor without expressly, or by necessary implication, imposing upon the latter the obligation to make such payment at any particular place, does not authorize venue of a suit to enforce such obligation in a county other than that of the defendant's residence." Southwestern Peanut Growers Ass'n, Inc. v. Kendrick, Tex.Civ.App., 183 S.W.2d 1019, 1020, and authorities there cited.

The contract upon which this action is based provides for the purchase by appellant from appellee Wilkes of certain automotive repair equipment to be shipped from the Wilkes' warehouse in Dallas and for payment therefor "F. o. b. Dallas, Texas." While it obligated Wilkes not to sell the equipment to purchasers other than appellant in the named counties, it neither expressly nor impliedly obligated appellant to pay for the equipment in Galveston County, and it contains no affirmative obligation on the part of appellees to perform any obligation under the contract in any of the named counties. On the other hand, it expressly imposed upon appellant the obligation to pay for the equipment purchased in Dallas County, the residence of appellees.

Under these facts we think that the venue of the suit as prescribed in Subdivision 5 of said Article 1995 lies in Dallas County and that the trial court correctly sustained appellees' plea of privilege.

The judgment of the trial court is affirmed.

Affirmed.