**WINTER et al. v. HAMILTON et ux.**

No. 2671.

Court of Civil Appeals of Texas. Eastland.
Sept. 24, 1948.

Motion for Rehearing Dismissed
Oct. 22, 1948.

McMahon, Springer & Smart and Smith, Eplen & Bickley, all of Abilene, for appellants.

Letcher D. King, of Abilene, and Alfred M. Scott, of Austin, for appellees.

COURTNEY GRAY, Justice.

James E. Hamilton and wife filed suit in Taylor County against Deaton and Sons of Ector County, Cecil O'Shields of Tarrant County and William Winter of Taylor County to recover damages on account of the death of their daughter, Maude H. Griffin, who died as a result of an automobile-truck accident in Mitchell County, while riding in an automobile driven by one Frank Turner.

Turner also filed suit, by the same attorney, against the same defendants, and on the identical grounds of negligence; plaintiff in both actions seeking judgment against defendants jointly and severally.

Deaton and Sons filed a plea of privilege to be sued in Ector County and Cecil O'Shields filed a similar plea to be sued in Tarrant County. Neither of said pleas of privilege were controverted and on November 29, 1947, the court entered an order in each case transferring same in its entirety as to all three defendants to Ector County, from which order defendants Winter and O'Shields appealed. Said appeals have been consolidated here, the controlling issues in the cases being the same.

The pertinent facts as pleaded by plaintiffs were substantially as follows: The accident occurred at about 9:30 o'clock p.m. on January 19, 1947, on U. S. Highway 80, about ten miles west of Colorado City in Mitchell County. Rain had been falling for some time and was still falling at the time of the accident; that prior to the collision, a tractor and van trailer owned by defendant O'Shields Produce Company and being operated by an agent, servant and employee of said company, was traveling west on said Highway, on his right hand side of said highway when he saw an Oldsmobile sedan in the ditch to his right; that said automobile was owned, controlled and occupied by defendant Winter and another man whose identity was unknown to plaintiffs; that the operator of said truck and van trailer stopped his vehicle and attached a chain or rope to said Oldsmobile sedan and pulled the same up onto the paved portion of said highway, leaving the front end of said sedan facing south and about half of same south of the center line of said highway and the rear end of same being on the north side of the center of the highway, thus blocking any traffic that might come along said highway; that the operator of said O'Shields vehicle was in the act of leaving, when a tractor and trailer belonging to defendants Deaton and Sons, operated by one of their agents, servants and employees, came along traveling east, stopping in front of said Oldsmobile sedan, the right hand wheels of said truck and trailer being so stopped upon the south dirt shoulder of said highway and the left wheels on the paved portion of the highway. Thereafter, but with no allegation as to the time that had elapsed, plaintiff Frank Turner was traveling east in his Cadillac sedan with the deceased, Maude H. Griffin as a passenger, and crashed into the rear of said Deaton and Sons' tractor and trailer, causing fatal injuries to said Maude H. Griffin, permanent injuries to plaintiff Turner and wrecking his Cadillac sedan.

Plaintiffs alleged specific acts of negligence on the part of each defendant and that the agents, servants and employees of defendant O'Shields and Deaton and Sons were acting at said time and on said occasion within the scope of their respective employments.

The specific acts of negligence so pleaded were followed by the allegation "that the negligence of each of said defendants, acting together, was the proximate cause

of said injuries and death of said Maude H. Griffin, and without which, such injuries and her death would not have occurred."

In the order transferring said case in its entirety to Ector County, the court says: "The court further finds that the acts of negligence alleged in the plaintiffs' petition against all of the named defendants, were concurrent acts of negligence, and that such acts of negligence concurred and operated together in bringing about the damages suffered by the plaintiffs; that the negligence of each of the defendants, acting together, was the proximate cause of the collision between the automobile in which the deceased, Maude H. Griffin, was riding as a passenger with the defendant, Deaton and Sons Truck, with the resulting damages to the plaintiffs, and that said defendants are, jointly and severally, liable, and that the liability of each of the named defendants, cannot be severed, one from the other."

Winter and O'Shields appealed and the first question presented is a motion to dismiss Winter's appeal, but O'Shields' right to appeal is not questioned.

■■■ In said order transferring said case to Ector County, we think the learned trial court fell into error as to both defendants Winter and O'Shields. Having duly filed his plea of privilege to be sued in Tarrant County, and same not having been controverted, the court had no jurisdiction other than to grant said plea and order said case as to O'Shields transferred to Tarrant County, which was the county of his residence. Galbraith v. Bishop, Tex. Com.App., 287 S.W. 1087; Foresyth v. Pike & Kramer, Tex.Civ.App., 46 S.W. 2d 733; Lloyds America et al. v. Lloyds Southwest Insurers, Tex.Civ.App., 56 S.W. 2d 477; R.S. art. 2007, Vernon's Ann.Civ. St., and many other cases. To overcome said plea, it was not sufficient for plaintiffs in their petition to allege concurrent acts of negligence and other elements such as would constitute the same a joint tort and not severable. That was a matter to be set out in proper controverting affidavits and sustained by proof. The petition merely disclosed the nature of the cause of action, but was not proof of any venue

fact. 43 Tex.Jur., Sec. 111, p. 849, and Sec. 112, p. 851. Meadows & Co. v. Turner, Tex.Civ.App., 270 S.W. 899 and cases there cited.

■■■ Plaintiff's theory of the case as set out in their pleading being that a joint tort had been committed, they could have filed their suit in Ector County where Deaton and Sons resided, in Tarrant County where O'Shields resided or in Taylor County where Winter resided. They elected to sue and did sue in Taylor County. Winter filed an answer thereby accepting jurisdiction and venue in Taylor County. The situation did not call for a plea of privilege by Winter. There is no suggestion by any party that the District Court of Taylor County did not have jurisdiction as to him. We do not understand how the sustained plea of privilege as to Deaton and Sons could legally divest Winter of his right to be sued in the county of his residence. No statutory exception to his right to be sued in Taylor County was claimed, and we think that in the absence of allegation and proof of such exception, the trial court was without authority to change the venue as to him. Jones v. Wilkes, Tex.Civ.App., 199 S.W.2d 864; Fair v. Mayfield Feed & Grain Co., Tex. Civ.App., 203 S.W.2d 801; Moore v. Tucker, Tex.Civ.App., 14 S.W.2d 70. In answer to certified questions, the Commission of Appeals in the case of Southport Petroleum Co. et al. v. Carter et al., 139 Tex. 661, 165 S.W.2d 85, 87, the court quotes from the dissenting opinion with approval as follows; (construing art. 1995, Sec. 1): "It seems to me that consideration of these matters in view of the statute which grants to a defendant the valuable right to be sued in his own county leads to but one reasonable conclusion, and that is that such right is personal. The matter of venue raised by a plea of privilege, unlike the question of jurisdiction, does not pertain to the case or cause of action but to the person. Therefore the question posed by a defendant's plea of privilege is not the general issue as to venue of all defendants but venue as to him. The right to file such plea and prosecute it to final determination, including

the right to appeal from an adverse judgment, is absolute. It in no wise depends upon what a codefendant may do or fail to do with respect to urging his own privilege, nor upon any order which the court may make with respect thereto." ··

While the facts in said case at bar are not entirely parallel, there are expressions in the opinion which seem applicable to this case, viz: the right to be sued in the county of one's residence is personal; the matter of venue raised by a plea of privilege does not pertain to the cause of action but to the person, and a defendant's right to appeal is absolute regardless of what his codefendants may or may not do. In the instant case, the personal right of defendant Winter to be sued in his own county was adversely affected by said court order growing out of the pleas of privilege by the other defendants. He had in no way waived this personal right, nor was he guilty of any negligence or omission in the premises. Under the circumstances, we think that his ,right to appeal was just as absolute as that of the parties to the pleas of privilege.

In an effort to protect his rights, Winter promptly filed his exception and objection to said order in so far as it changed the venue as to him, which the court, after allowing a bill of exception, overruled. To deny Winter his right to appeal would be tantamount to holding that although Winter's valuable right to be sued in the county of his residence had been taken away, through no fault of his own, yet he is to be denied a remedy for the injury sustained.

We think the cause of action as pleaded was severable as to the several defendants. The plaintiffs could have sued any one or more of them under the rule governing suits against joint tortfeasors. The pleadings do not clearly establish simultaneous action on the part of the defendants, nor does it appear that there was any community of design or concerted action on their part to commit a tort. The vehicles were separately owned and operated. Each operator acted on his own volition without suggestion from the others. It was simply a traffic jam occasioned by Winter's car being in the ditch on a rainy night and the neighborly impulse of O'Shields' operator to pull him out of the ditch to the pavement. It was not shown that the Deaton truck going in the opposite direction could have stopped his car farther to the south of the paved portion of the highway without going into the ditch, nor that he violated the law by failing to put out flares. The matters pleaded related more specifically to the nature of the cause of action than to venue.

In the case of Sun Oil Co. v. Robicheaux, Tex.Com.App., 23 S.W.2d 713, 715, it is said:

"The rule is well established in this state, and supported by almost universal authority, that an action at law for damages for tort cannot be maintained against several defendants jointly, when each acted independently of the others and there was no concert or unity of design between them. In such a case the tort of each defendant is several when committed, and it does not become joint because afterwards its consequences, united with the consequences of several other torts committed by other persons in producing damages. Under such circumstances, each tort-feasor is liable only for the part of the injury or damages caused by his own wrong; that is, where a person contributes to an injury along with others, he must respond in damages, but if he acts independently, and not in concert of action with other persons in causing such injury, he is liable only for the damages which directly and proximately result from his own act, and the fact that it may be difficult to define the damages caused by the wrongful act of each person who independently contributed to the final result does not affect the rule. Sun Co. v. Wyatt, 48 Tex.Civ. App., 349, 107 S.W. 934; 38 Cyc. 484; 26 R.C.L. 766."

We quote from Standard Accident Insurance Co. v. Pennsylvania Car Co., Tex. Civ.App., 15 S.W.2d 1081, 1083, as follows:

"Appellant also presents, as error requiring reversal, the action of the court in transferring the entire cause to Harris county. The Pennsylvania Car Company

and the Petroleum Iron Works Company not only failed to challenge the jurisdiction of the district court at Dallas county, but they filed answers in the cause, thereby voluntarily submitting themselves to its jurisdiction. Appellant's cause of action against all the defendants is based on an alleged tort. All parties responsible for the commission of a tort are severally as well as jointly liable for all damages resulting therefrom. Patten v. Hill County, Tex.Civ.App., 297 S.W. 918, 922, par. 8, and authorities there cited. Such being the case, appellant's suit was as to the respective defendants therein severable. A separate suit against each of them was maintainable. The situation is substantially the same as in the case of a suit by a creditor of a copartnership against several of the partners thereof on their individual liability. Such a case was before the Commission of Appeals in Comer v. Brown, 285 S.W. 307, 308, 309, pars. 1 to 5. The court held in that case that such a cause of action was both joint and several as to all and each of the defendants, and that an order transferring the same as to a part of the defendants in no wise affected the proceedings to recover against the remaining defendants. The action of the court in sustaining Peterson's plea of privilege did not require the transfer of appellant's suit against the other defendants therein which had submitted to its jurisdiction, and it erred in so ordering over appellant's protest. Comer v. Brown, supra; Harrison v. Amador, Tex.Civ.App., 9 S.W.2d 279, 280, pars. 3 and 4; Blohm v. Krueger, Tex.Civ. App., 297 S.W. 596, 597; India Tire & Rubber Co. v. Murphy, Tex.Civ.App., 6 S. W.2d 141, 142, 143; Wool Growers' Central Storage Co. v. Edwards, Tex.Civ.App., 10 S.W.2d 577, 578, 579; Rutledge v. Evans, Tex.Civ.App., 219 S.W. 218, 220, 221, pars. 4 and 5.

"The judgment of the court is reversed, and the cause is remanded, with instructions to transfer appellant's suit as to Peterson only to Harris county."

■ If as contended by appellees and so found by the trial court, the defendants were jointly and severally liable, the case was severable as to the defendants. Comer v. Brown, Tex.Com.App., 285 S.W. 307; Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65; Standard Accident Ins. Co. v. Penn. Car Co., supra; Jackson v. United Producers' Pipe Line Co., Tex.Civ.App., 33 S.W. 2d 540; Texas Mutual Reserve Life Ins. Co. v. Ormand, Tex.Civ.App., 115 S.W.2d 776; Stone v. Luzier's Inc., Tex.Civ.App., 144 S.W.2d 658.

In the case of Citizens' National Bank of Abilene v. J. R. Overstreet, Tex.Civ. App., 46 S.W.2d 409, 411, the rule as to joinder of defendants in tort cases is stated as follows: "With reference to the joinder of defendants in cases of pure negligence, as is the character of the case here, the rule is general and invariable that any and all joint tort-feasors may be joined as party defendant at the will of the plaintiff. 38 Cyc. p. 490; 47 C.J. 170; 1 Sutherland on Damages (3d Ed.) § 140; 6 Thompson on Negligence (Ed. 1905) § 7435; Markham v. Houston Direct Navigation Co., 73 Tex. 247, 11 S.W. 131; and other cases. * * * But the rule is equally as established and invariable that there cannot, as respects venue, be proper joinder of several persons as defendants in an action for pure tort where the persons committing the tort were acting, not jointly upon concert of action or by simultaneous wrongful acts or with community of legal responsibility, but separately and for themselves alone without any concert of action or without legal liability with the others. 29 Cyc. p. 565; 38 Cyc. p. 484; 47 C.J. § 147, p. 71; Texas & P. Ry. Co. v. Mangum, 68 Tex. 342, 4 S.W. 617; Jackson v. Pipe Line Co., Tex.Civ.App., 33 S.W.2d 540; McCauley v. McElroy, Tex.Civ.App., 199 S.W. 317".

■ The rule as stated in 32 Tex.Jur. Sec. 28, page 47, is as follows:

"It is elementary that two or more persons who jointly engage in the commission of a tort are jointly and severally liable. The injured person may sue all of them jointly, or as many of them as he sees fit, or each of them separately. Or, having secured a joint judgment against all, the plaintiff may enforce it by execution

336

against one only, the only limitation being that he can have but one satisfaction for the injury.

"But the rule is equally well established that an action for damages for tort cannot be maintained against several defendants jointly when each acted independently of the others and there was no concert or unity of design. Unless the tort as pleaded is legally classed as a joint tort, in the sense of community of wrongdoing, there can be no joinder of the several tort-feasors. The tort of each defendant, if several when committed, does not become joint because its consequences became united with the consequences of other torts committed by other persons. It is the method of accomplishment rather than the nature of the tort itself which determines the propriety of joining the wrongdoers."

We conclude that Winter had the right to appeal from such order, which affected his rights adversely, and that the motion to dismiss said appeal should be overruled. We also conclude that the trial court erred in holding that the cause of action was not severable.

■ Plaintiffs complain of the refusal of the trial court to allow them to file controverting pleas to the pleas of privilege, notwithstanding the ten day period for such filing had expired. The court heard testimony on said motions and they were overruled. The matter was largely within the discretion of the trial court. From a careful consideration of the testimony, we are unable to say that the trial court abused its discretion in the matter. The assignments are overruled.

The judgment of the trial court, in so far as it grants a change of venue to Ector County for Deaton and Sons, is affirmed, but reversed as to defendants Winter and O'Shields, with direction that venue be retained as to Winter in Taylor County and that O'Shields' plea of privilege be sustained and venue as to him be transferred to Tarrant County.

Affirmed in part and reversed in part, with directions.

On Rehearing.

In the above entitled and numbered cause, both appellants have filed their motions to dismiss appellees' motion for rehearing.

■ Appellees' motion for rehearing herein was filed in this court on October 11, 1948. The period of fifteen days for filing such motion under Texas Rules of Civil Procedure, Rule 458 expired on October 9, 1948. Under said Rule 458, which must be construed with Rule 5, this court does not have the authority to enlarge or extend the time for filing such motion for rehearing. The identical question here presented was certified to the Supreme Court by the Amarillo Court of Civil Appeals in the case of Reynolds v. Dallas County et al., 207 S.W. 2d 362, and under authority of said decision, we have no option but to dismiss the motion for rehearing.

Motion for rehearing dismissed.