Paul **KASISHKE** et al., Appellants.

v.

Lincoln **EKERN**, Appellee.

No. 6443.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 15, 1954.

Corporation of Potter County and P-K Supply, A Corporation of Gray County, upon an alleged sworn account for the total sum of $1,075 and for conversion of certain alleged stock certificates by Paul Kasishke who is alleged to be president of both corporations. Paul Kasishke individually and P-K Supply, Inc. of Gray County each filed a plea of privilege to be sued, if at all, in the respective counties of their residence. Appellee answered with a controverting affidavit seeking to hold venue in Potter County under the provisions of Exceptions 4 and 29a of Article 1995, Vernon's Annotated Civil Statutes, known as the venue statute.

■ The case was tried to the court without a jury and judgment was rendered overruling both pleas of privilege, from which judgment appellants Paul Kasishke individually and P-K Supply, Inc. of Gray County each perfected an appeal to this Court. In two points of error presented, appellants have charged error because appellee failed to allege and prove a joint cause of action against P-K Supply, Inc. of Potter County, the resident defendant, and either of the named nonresident defendants as required under the provisions of Exception 4 and that appellee also failed to allege and prove that either of the named appellants is a necessary party to the alleged cause of action against P-K Supply, Inc. of Potter County, the resident defendant, as required under the provisions of Exception 29a.

The record reveals that appellee by his pleadings sought to recover from each of the three named defendants a certain sum set out separately in a sworn account attached to his pleadings for separate services rendered by him to each defendant in connection with the process of making out income tax returns on different dates therein shown. The sworn account shows defendant P-K Supply, Inc. of Potter County, the resident defendant, indebted to appellee in the sum of $200 for such professional services rendered on September 31, 1951 (an impossible date, since the month of September never has but 30 days); appel-

Snodgrass & Calhoun, Amarillo, for appellants.

Harris Lofthus, Amarillo, for appellee.

PITTS, Chief Justice.

This is an appeal from a venue action which arose out of a primary suit filed in Potter County by appellee Lincoln Ekern against Paul Kasishke, individually, a resident of Randall County, and P-K Supply, A

lant P-K Supply, Inc. of Gray County indebted to appellee in the sum of $200 for similar professional services rendered on the very same impossible date; and apparently a total sum of $675 is claimed by appellee against the appellant Paul Kasishke individually and his wife, Coraldale Kasishke, for the same kind of professional services rendered them individually on different dates for three different years (1949, 1950 and 1951). The total aggregate of all claims made against all three named defendants is $1,075, for which total sum this suit was filed by joining all claims against all three named defendants together. However, there is no pleading or proof of any joint liability of the named defendants. Appellee in fact testified on direct examination that neither of the defendant corporations would be concerned about any claims he had against Paul Kasishke individually for personal services rendered him by appellee and the same appears equally true of the other defendants concerning any other claims asserted. Appellee likewise pleaded that Paul Kasishke individually had converted to his own use and benefit one share of stock in each corporation that belonged to him, for the value of which he sought to recover. However, appellee did not plead or prove the value of such shares of stock if such had any value, or by any means show how to arrive at such value, if any there be.

Although appellee seems to contend in his brief that he alleged a joint cause of action against all three defendants, we do not so construe his pleadings. In our opinion, a careful examination of appellee's pleadings reveal the contrary to be true. It clearly appears to us that appellee, by his pleadings, sought to collect separate claims from each of the named defendants for separate services rendered each of them on different dates, except that the alleged dates for the services rendered the two corporations was the same but the services rendered were distinctly separate.

An examination of the statement of facts reveals no proof of a cause of action against any of the defendants. Appellee's

pleadings in the primary suit, including the sworn account, were made a part of his controverting affidavit but his sworn account was not offered in evidence so far as the record reflects. If the account had been offered in evidence and admitted, it would not have been any proof of a joint cause of action. In fact, it may have established separate claims to the contrary. Neither did appellee offer any oral testimony or other evidence showing or tending to show that any of the named defendants were indebted to him in any sum. Appellee himself testified that he had rendered professional services for each named defendant during previous years in helping them respectively to make out income tax returns and that Paul Kasishke had been the paymaster for each defendant, but he did not testify that any of the defendants were then indebted to him in any sum. On cross-examination, appellee testified that for his services rendered he was "setting up a claim" of $200 against P-K Supply, Inc. of Gray County and a claim of $200 against P-K Supply, Inc. of Potter County, and the balance of his claim was against Paul Kasishke individually of Randall County. Such proof does not show or tend to show a joint cause of action for $1,075 against all defendants but tends to show separate claims against the named defendants.

In construing the provisions of Exception 4 of Article 1995, it is well established that to maintain suit against a nonresident defendant, plaintiff must allege a joint cause of action against the resident and the nonresident defendants, and must introduce competent evidence sufficient to prove a cause of action against the resident defendant, under the allegations relied upon. Tunstill v. Scott, Tex.Civ.App., 120 S.W.2d 274; Dearing v. Morgan, Tex.Civ.App., 120 S.W.2d 555; Eppenauer v. Schrup, Tex.Civ.App., 121 S.W.2d 473; Lanham v. Lanham, Tex.Civ.App., 175 S.W.2d 286. It is true that cases growing out of the same transaction which are closely connected together may be joined together to avoid a multiplicity of suits, but appellee has failed to bring his alleged cause of

action within such a rule in this case. Pearson v. Guardian Trust Co., Tex.Civ. App., 84 S.W.2d 256.

▮ It has likewise been held that a co-defendant is a necessary party suable in a county other than his residence under the provisions of exception 29a of Article 1995, if complete relief to which plaintiff shows himself entitled to recover, as against the defendant properly suable in the county where the suit is filed, can be obtained only in a suit in which both defendants are parties. Cockburn Oil Corp. v. Newman, Tex. Civ.App., 244 S.W.2d 845; Rogers v. Ft. Worth Poultry & Egg Co., Tex.Civ.App., 185 S.W.2d 165; First Nat. Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756; 43 Texas Jur. 257–8, Section 41, and 872, Section 125.

Appellee testified on direct examination that neither of the defendant corporations would be concerned with his claim against the defendant Paul Kasishke. Both the pleadings and the evidence clearly reveal that any claims appellee may have against the three named defendants are separate claims for services separately rendered and there is nothing shown either by the pleadings or the evidence that the presence before the court of either of the other named defendants would be necessary in order to adjudicate the alleged claims of the appellee against either of the named defendants. The presence of Paul Kasishke as a witness may be desired in any event, but he is only one of the named defendants.

▮ May we observe that the general rules with reference to the issues of venue provide that the filing of a plea of privilege established defendant's prima facie right to have the suit transferred to the county of his residence and the burden of proof is upon plaintiff to refute such prima facie right; Rule 86, Texas Rules of Civil Procedure; Rasberry v. Jones, Tex.Civ.App., 195 S.W.2d 947, and other authorities there cited; Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896; that the rule is well established that a venue challenge by a proper plea of

privilege has placed the burden upon plaintiff to allege and prove that the venue action comes within one of the exceptions of the venue statute; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; World Co. v. Dow, 116 Tex. 146, 287 S.W. 241; Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Tex. 124, 298 S.W. 550; Benson v. Jones, 117 Tex. 68, 296 S.W. 865; that defendant is entitled to be sued in the county of his residence, in the absence of any statutory exception; Moore v. Tucker, Tex.Civ.App., 14 S.W.2d 70; that exceptions to the privilege of a citizen to be sued in the county of his domicile must be strictly construed and clearly established; Spinnler v. Armstrong, Tex.Civ.App., 63 S.W.2d 1071; Daniel v. Jones, Tex.Civ.App., 103 S.W.2d 437; Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062; that a citizen may not lightly be deprived of the right to be sued in the county of his domicile; Amberson v. Anderson, Tex.Civ.App., 43 S.W.2d 120; Hausman Bros. Packing Co. v. Allen, Tex. Civ.App., 59 S.W.2d 246. Under all of the rules cited and for the reasons stated, we must conclude that a defendant must not be denied the privilege of being sued in the county in which he resides upon a strained or doubtful construction of the exceptional provisions. Neither can venue be maintained against a nonresident defendant over his protests in the county of a resident defendant unless the nature of the alleged cause of action is joined together with or is the same against both defendants so as to make them both liable jointly and severally, or at least make them both necessary parties in order to recover against either.

▮ The case is not before us on its merits but it should be observed that in order for claims to be joined together in the same suit as provided for in Rule 40, each claim must be for such amount as to bring it within the jurisdiction of the court in which the suit is filed. Several claims making demands for small amounts, such as were made in the primary case here filed, may not be added together to make up the required jurisdictional amount but each separate claim furnishes the jurisdictional

278

test. City of Wichita Falls v. Long, Tex. Civ.App., 167 S.W.2d 792; affirmed 142 Tex. 202, 176 S.W.2d 936; Southwestern Drug Corp. v. Webster, Tex.Civ.App., 246 S.W.2d 241.

For the reasons stated, appellants' two points of error are both sustained. The judgment of the trial court is reversed and judgment is here rendered ordering the cause of action alleged against appellant Paul Kasishke transferred to the district court of Randall County and the alleged cause of action against appellant P-K Supply, Inc. of Gray County transferred to the district court of Gray County. Rule 89, T.R.C.P.; Jaques Power Saw Co. v. Womble, Tex.Civ.App., 207 S.W.2d 206.

Reversed and rendered.