**COTTON CONCENTRATION COM-PANY, Inc., Appellant,**

v.

**TOYO COTTON COMPANY, Inc., Appellee.**

No. 7972.

Court of Civil Appeals of Texas, Texarkana.

April 6, 1970.

On Motion for Rehearing May 5, 1970.

Rehearing Denied May 19, 1970.

Brooks, Montgomery & Matthews, Dallas, Mills, Shirley, McMicken & Eckel, Galveston, Burford, Ryburn & Ford, Dallas, for appellant.

Sheely, Jones, Cureton, Westbrook & Lovelace, Waco, for appellee.

DAVIS, Justice.

This case was tried on the same stipulation of facts as the case of Cotton Concentration Company, Inc. v. A. Lassberg & Company, Inc., No. 7970 upon the docket of this Court, except appellee, Toyo's, name was inserted and the amount involved is $4,185.20. The briefs that were filed were exactly alike and the only difference is the amount involved. If this Court is right in Cotton Concentration Company, Inc. v. Lassberg Company, Inc., No. 7970, the same facts and the law are exactly the same. In this case, the appellee is indebted to appellant in the sum of $4,185.20.

Plaintiff-appellees, Toyo Cotton Company, Inc., sued defendant-appellant, Cotton Concentration Company, Inc., a warehouseman, for a declaratory judgment. The trial court rendered a judgment that appellant take nothing. It has perfected its appeal and brings forward the same point of error that was brought forward in Cotton Concentration Company, Inc. v. A. Lassberg Company, Inc., No. 7970.

We hereby adopt the opinion in Cotton Concentration Company, Inc. v. A. Lassberg Company, Inc., No. 7970, 454 S.W. 2d 249 and enter the judgment that the trial court should have rendered.

The judgment of the trial court is reversed and judgment is here entered for the appellant for $4,185.20, with interest thereon at the rate of 6% per annum from and after July 8, 1969.

ON MOTION FOR REHEARING

The above three cases were filed and tried separately in the trial court. They were not consolidated. Rule 174, Vernon's Texas Rules of Civil Procedure, 3 T.J.2nd 347, Sec. 83. The cases were each tried on a stipulation of facts containing the exact phraseology, except the amounts claimed by appellant against each of the different appellees. In the first case, they stipulated the amount claimed to to be due appellant by appellee A. Lassberg & Co., Inc. was $1,255.27. In the second case, they stipulated the amount claimed to be due appellant by appellee H. Molsen & Co., Inc., to be $6,130.78. In the third case, they stipulated the amount claimed to be due appellant by appellee Toyo Cotton Co. to be $4,185.20. The trial court rendered separate judgments in each case in favor of each of the three appellees.

Appellant perfected a separate appeal in each case. On April 7, 1970, this Court

handed down its three decisions and three judgments in each of the three cases.

On April 14, 1970, appellees filed a joint-motion for rehearing as if all three cases have been consolidated. On April 22, 1970, appellees filed a joint-supplemental brief as if all three cases have been consolidated. On April 23, 1970, appellees filed a joint-addition to supplemental brief as if all three cases have been consolidated.

Appellant has not filed a motion to strike the joint motion of appellees. Appellees should have filed separate motions for rehearing in each of the three cases. In 4 T.J.2nd 225, Sec. 728, it says, in part, that: "Appeals in separate and distinct suits, with different parties and different subject matter, and in which separate judgments are rendered, cannot be heard together on appeal, even though the parties have agreed that they be tried together below."

The judgments in each of the three cases are against different parties and for a different amount of money. Therefore, there can not be any consolidation.

The time fixed for filing a motion for rehearing in the Court of Civil Appeals is 15 days after the date of the original opinion and judgment. The Court of Civil Appeals does not have any authority to extend the time for filing the same. Rule 458, V.T.R.C.P.; 4 T.J.2nd 228, Sec. 732. Rule 5 prohibits the enlargement of the time to file motions for rehearing. Winter v. Hamilton, Tex.Civ.App., 1948, 214 S.W. 2d 330, N.W.H.

The joint motion for rehearing is dismissed for the lack of jurisdiction.

If we are mistaken in dismissing the joint motions for rehearing, then, we have carefully considered each point of error raised by appellees in its joint motion for rehearing, find each of them to be without any merit, and they are overruled.